[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2009
THOMAS K. KAHN
CLERK

No. 09-10955
Non-Argument Calendar

_____

D. C. Docket No. 97-00028-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DION MCCHRISTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 17, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Kenneth Dion McChriston appeals from the district court's denial of his motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. McChriston argues that he was eligible for a sentence reduction because his sentence was not based upon the

statutorily enhanced minimum sentence in 21 U.S.C. § 841(b)(1)(A)(iii), and that the district court should have applied Apprendi v. New Jersey, 530 U.S. 466 (2000), in his § 3582(c)(2) proceeding to redetermine the amount of drugs for which he was responsible. After thorough review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in U.S.S.G. § 1B1.10, provide that a sentence reduction is not authorized under § 3582(c)(2) if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Where the statutory minimum sentence exceeds the top end of the applicable guideline range, the statutory minimum becomes the guideline. U.S.S.G. § 5G1.1(b). The Sentencing Commission's application notes indicate that the operation of "a statutory mandatory minimum term of

2

imprisonment" would prevent an amendment from "hav[ing] the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10 cmt. n.1(A).

McChriston's arguments are foreclosed by precedent and the record. McChriston's sentence was based upon an application of the statutory minimum sentence in 21 U.S.C. § 841(b)(1)(A)(iii), and, thus, he was ineligible for a sentence reduction because his applicable guideline range would not be reduced by the application of Amendment 706. See United States v. Williams, 549 F.3d 1337, 1341-42 (11th Cir. 2008) (holding that a defendant sentenced to statutory minimum was not eligible for a sentence reduction, even where the court at the original sentencing had granted the government's motion under U.S.S.G. § 5K1.1 to sentence below the mandatory minimum). In addition, the district court did not have authority to apply Apprendi to redetermine the drug amount because a § 3582(c)(2) proceeding is not a full resentencing. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); U.S.S.G. § 1B1.10(a)(3) (noting that proceedings "do not constitute a full resentencing of the defendant").[1]

**AFFIRMED.**

---

[1] Moreover, to the extent McChriston suggests otherwise, we have held that neither United States v. Booker, 543 U.S. 220 (2005), nor Kimbrough v. United States, 128 S. Ct. 558 (2007), "prohibit[s] the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission." United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.), cert. denied, (U.S. May 18, 2009) (No. 08-8664).