Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued December 8, 2009          Decided February 12, 2010

No. 09-3008

UNITED STATES OF AMERICA,
APPELLEE

v.

DERRICK COOK,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:93-cr-00365-RCL-1)

———

*Mary M. Petras*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender.

*Michael T. Ambrosino*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Roy W. McLeese III*, *John P. Mannarino*, and *Mary Ann Snow*, Assistant U.S. Attorneys.

Before: ROGERS and GARLAND, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: This is an appeal from the denial of a motion for the reduction of sentence under 18 U.S.C. § 3582(c)(2) in view of amendments to the U.S. Sentencing Guidelines ("U.S.S.G.") reducing the base level offense for offenses involving crack cocaine. We join the other circuits in holding that section 3582(c)(2), which refers to sentences "based on a guideline range subsequently lowered by the Sentencing Commission," applies only to a sentence that is determined by a guideline range. Because Cook was sentenced to the mandatory minimum in 21 U.S.C. § 841(b)(1)(A)(iii), his sentence was not based on a guideline range, and he is ineligible for relief under section 3582(c)(2). Accordingly, we affirm.

**I.**

On October 7, 1993, Derrick Cook and Dwayne Short were indicted on one count of possession with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base (also known as crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2. The government filed an information regarding Cook's prior drug conviction, which made him eligible for enhanced mandatory penalties under 21 U.S.C. § 841(b)(1)(A)(iii). A jury convicted Cook of possession with intent to distribute a detectable amount of cocaine base but did not make any findings as to the quantity of drugs for which he was to be held accountable. The district court found as a matter of fact, by a preponderance of the evidence, that Cook had possessed 111 grams of cocaine base, making his guideline range under the 1994 Sentencing Guidelines 135 to 168 months.

The district court noted, however, that Congress had "superimposed mandatory minimums on top of the Guidelines." Sentencing Tr. 20, lines 24–25 (Jul. 5, 1994). Pursuant to U.S.S.G. § 5G1.1(b), which required imposition of the mandatory minimum sentence if it was greater than the guideline range, the district court sentenced Cook to the mandatory minimum sentence for repeat offenders of 240 months' imprisonment in section 841(b)(1)(A)(iii), and to a mandatory term of ten years' supervised release, *see id.*

Cook appealed his conviction, and this court affirmed. *United States v. Cook*, 70 F.3d 638 (D.C. Cir. 1985) (unpub. per curiam). In 1997, Cook moved to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, on the ground of ineffective assistance of trial counsel, which motion the district court denied, *United States v. Cook*, 130 F. Supp. 2d 43 (D.D.C. 2000); this court affirmed, *United States v. Cook*, 22 Fed. Appx. 3 (D.C. Cir. 2001). In 2003, Cook moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 645 to the Sentencing Guidelines, seeking credit for time served concurrently with the sentence imposed upon revocation of his probation for this conviction. The district court denied the motion, and Cook did not appeal.

In August 2008, Cook moved to reduce his sentence under section 3582(c)(2) based on the Sentencing Commission's adoption of Amendments 706, 711 and 713, which together retroactively lowered the base level offense under U.S.S.G. § 2D1.1 by two points for offenses involving crack cocaine, *see* U.S.S.G. app. C, amendments 706 and 711 (Nov. 1, 2007); *see id.* amendment 713 (Mar. 3, 2008). He argued that in 1994 the district court had sentenced him to 240 months' imprisonment on the mistaken belief that he was subject to a statutory mandatory minimum sentence even though the jury had not found him guilty of possessing with intent to distribute more

than 50 grams of crack cocaine. Applying the amendments, his guideline range would be 108–135 months. His projected release date was April 27, 2013. As of March 3, 2008, when the amendments took effect, he would have served more than fifteen years (180 months), well above the amended sentencing range. Cook therefore requested that his sentence be reduced to time served.

The district court denied the motion, ruling that it lacked authority to grant the relief Cook sought. Cook appeals. This court has jurisdiction to review the denial of a section 3582 motion under 28 U.S.C. § 1291, *see United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009); *United States v. Mateo*, 560 F.3d 152, 154 n.1 (3d Cir. 2009); and under 18 U.S.C. § 3742(a)(1), *see United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000).

## II.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). Because the proper interpretation of a statute is a question of law, our review is *de*

*novo*. *United States v. Goodwin*, 317 F.3d 293, 297 (D.C. Cir. 2003). We begin with the text of the statute, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999), giving words their ordinary and natural meaning, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), while recognizing that plain or not, the meaning of a word depends on its context, *see Halloway v. United States*, 526 U.S. 1, 7 (1999) (citing *Brown v. Gardner*, 513 U.S. 115, 118 (1994)).

To be eligible for relief pursuant to section 3582(c)(2), a defendant's sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The circuit courts have held that where a defendant is sentenced to a statutory mandatory minimum sentence, relief under section 3582(c)(2) is unavailable because the sentence is no longer "based on" a sentencing range. As the Seventh Circuit explained in *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008), "Congress has authorized district courts to modify sentences in very limited circumstances," and such relief is unavailable where a defendant was sentenced to a mandatory minimum sentence because the "sentence was 'based on' a statutory minimum, not a sentencing range that Amendment 706 lowered." To the argument that the defendant's sentencing range had been subsequently lowered because the district court had initially calculated a guideline range that the Amendment to the Sentencing Guidelines altered, the court responded, "this view ignores the fact that the district court's initial guidelines calculation became academic once [the defendant's] prior drug felony was factored in, triggering the statutory minimum sentence." *Id.* at 679.

The other circuits to address the question are in agreement with this interpretation of the phrase "based on." In *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009), the Second Circuit stated that "[o]nce the mandatory minimum applied, [the

defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (quoting § 3582(c)(2)). In *United States v. Hood*, 556 F.3d 226, 233 (4th Cir. 2009), the Fourth Circuit agreed that the defendant's 240 months' sentence was based on the Sentencing Guidelines pursuant to the mandatory minimum sentence, rather than the sentencing range derived from U.S.S.G. § 2D1.1 for individual crack cocaine offenses. The Sixth Circuit in *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009), likewise stated the defendant "was not in fact sentenced based on a Guidelines range that was subsequently reduced" because "his sentence was based on the mandatory minimum imposed by 21 U.S.C. § 841(b)(1)(A), which remained unchanged by Guidelines Amendment 706." So too in *Paulk*, 569 F.3d at 1095, the Ninth Circuit concluded the defendant was "not entitled to a reduction because his sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841." To the same effect are decisions in the First, Fifth, Eighth, Tenth, and Eleventh Circuits, which have denied relief under section 3582(c)(2) to defendants sentenced to statutory mandatory minimum sentences without referencing the "based on" phrase. *See United States v. Ganun*, 547 F.3d 46, 47 (1st Cir. 2008); *United States v. Jones*, 523 F.3d 881, 882 (8th Cir. 2008); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997); *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994).

Cook attempts to avoid this precedent and meet section 3582(c)(2)'s threshold "based on" requirement in two ways: first, by pointing to the two-step sentencing procedure under the Sentencing Guidelines, and second, by challenging the lawfulness of the imposition of the mandatory minimum sentence. Neither attempt succeeds.

First, Cook contends that his sentence was in part "based on" a sentencing range because of the two-step sentencing process required by the Sentencing Guidelines. The district court must first determine "the guideline range" and only then determine, second, whether the "applicable guideline range" is "trumped" by a statutory mandatory minimum. Appellant's Br. 11; *see* U.S.S.G. §§ 1B1.1[1] & 5G1.1(b)[2]. "Because this process requires that the applicable sentencing range be part of the basis for the sentence, when the range is reduced the district court necessarily has the authority to reduce the sentence." Appellant's Br. 7. Because Cook claims he therefore is eligible for relief under section 3582(c)(2), it follows Cook argues that the district court can reassess the original decision to sentence him to a mandatory minimum sentence under an improper sentencing theory, which allowed the district court rather than a jury to determine the amount of drugs for which he was responsible, *see United States v. Booker*, 543 U.S. 220, 244–45 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and upon recalculating his guideline range not reimpose the improper mandatory minimum upon resentencing.

---

[1] U.S.S.G.§ 1B1.1 Application Instructions lists the order in which the provisions of the Manual are to be applied, referring, as relevant, to "the guideline range" in subsection (g): "Determine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above."

[2] U.S.S.G. § 5G1.1, Sentencing on a Single Count of Conviction, provides, as relevant:

> (b) Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

As preliminary matters we note that on appeal Cook agrees his *Apprendi* claim is foreclosed because his 240-months sentence does not exceed the statutory maximum for the offense of conviction, *see United States v. Graham*, 317 F.3d 262, 273–74 (D.C. Cir. 2003). Under 21 U.S.C. § 841(b)(1)(C), which would have applied in the absence of the judicial factfinding, Cook would have been eligible for up to twenty years' imprisonment. Cook also states he is not raising the issue of whether upon obtaining relief under section 3582(c)(2) the district court must treat the Guidelines as mandatory when imposing a new sentence, an issue pending before the Supreme Court in *United States v. Dillon*, 572 F.3d 146 (3d Cir. 2009), *cert. granted*, 78 U.S.L.W. 3334 (U.S. Dec. 7, 2009) (No. 09-6338). Instead, he relies on precedent construing the phrase "based on" as not imposing a condition of exclusivity and on the distinction in the Sentencing Guidelines between a "guideline range," *see* U.S.S.G. § 1B1.10(a)(2)(B), and a "guideline sentence," *see* U.S.S.G. § 5G1.1(b).

The phrase "based on" must be construed in the context of the relevant statute, and precedent on section 3582(c)(2) does not favor Cook's interpretation. Cook's reliance on precedent involving other statutory schemes, *Sierra Club v. EPA*, 356 F.3d 296, 305–06 (D.C. Cir. 2004); *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1111 (9th Cir. 2000); *United States ex rel. Kreindler & Kreindler v. United Tech. Corp.*, 985 F.2d 1148, 1158 (2d Cir. 1993), is unavailing because the meaning of statutory words is informed by the particular statutory context, *see Halloway*, 526 U.S. at 7. Even the Tenth Circuit's interpretation of section 3582(c)(2) as broad enough to include a sentence imposed pursuant to a plea agreement, *United States v. Cobb*, 584 F.3d 979 (10th Cir. 2009),[3] is of no assistance because the court

---

[3] The Fourth Circuit plea-agreement case cited by Cook was vacated and dismissed as moot. *United States v. Dews*, 551 F.3d 204

reasoned that "[i]t is simply unrealistic to think that the applicable guideline range is not a major factor (if not *the* major factor) in reaching a stipulated sentence." *Id*. at 985 (emphasis original). No such practical relationship is manifest in Cook's case. Indeed, the Tenth Circuit has held that defendants "sentenced to a statutory mandatory minimum" are "ineligible for a reduction of sentence under section 3582(c)(2)." *Smartt*, 129 F.3d at 542. In any event, this court noted in *United States v. Robinson*, 587 F.3d 1122, 1129 n.8 (D.C. Cir. 2009), that "[o]ther circuits have reached the opposite result, concluding that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is not 'based on' the Guidelines and thus does not come within the scope of 18 U.S.C. § 3582(c)(2)." *See, e.g.*, *United States v. Main*, 579 F.3d 200, 203 (2d Cir. 2009); *United States v. Sanchez*, 562 F.3d 275, 280 (3d Cir. 2009); *United States v. Scurlark*, 560 F.3d 839, 841 (8th Cir. 2009); *United States v. Peveler* 359 F.3d 369, 378–79 (6th Cir. 2004); *see also United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005).

Construed in its ordinary sense, the phrase "based on" refers, for purposes of section 3582(c)(2), to a guideline range that determined the defendant's sentence. If as Cook contends the guideline range calculated by the district court under a two-step sentencing process comprehends a mandatory minimum, then Amendments 703, 711 and 713 on which Cook relies are of no relevance. Although, as the government acknowledges, the phrase "based on" can mean "based in part on" rather than "based solely on," Cook's 1994 sentence, i.e., his sentencing range, was not "based on" a guideline range within which the district court had sentencing discretion, but on the statutory mandatory minimum sentence under which the district court lost

---

(4th Cir. 2008), *vacated and reh'g en banc granted,* No. 08-6458 (4th Cir. Feb. 20, 2009), *appeal dismissed as moot*, No. 08-6458 (4th Cir. May 4, 2009).

sentencing discretion.  As the Seventh Circuit observed in *Poole*, 550 F.3d at 679, the district court's initial calculation of a guideline range became "academic" once the mandatory minimum sentence kicked in. To go behind the statutory mandatory minimum, as Cook's interpretation requires, would mean his statutory mandatory minimum sentence could be reduced under section 3582(c)(2) even though that sentence was determined independent of and rendered irrelevant an otherwise applicable guideline range.  Congress' use of the phrase "based on" would be a curious way to accomplish that result, much less to indicate the Sentencing Guidelines Commission's amendment to a base offense level would amend a statute calling for the imposition of a  mandatory minimum sentence.  *See United States v. LaBonte*, 520 U.S. 751, 757 (1997).

Indeed, the Third Circuit, rejecting a similar argument to Cook's in *United States v. Doe*, 564 F.3d 305, 312 (3d Cir. 2009), equated the statutory mandatory minimum sentence, imposed pursuant to U.S.S.G. § 5G1.1(b), with the "applicable guideline range" under U.S.S.G. § 1B1.10(a)(2)(B)[4] inasmuch as the defendant's mandatory minimum sentence "subsumed and displaced" the initial guideline range, and hence the applicable guideline range was not affected by the crack cocaine amendments.  *See id.*  Similarly, the Eighth Circuit explained in *Jones*, 523 F.3d at 882, that the defendant's "final originally calculated guidelines range was the statutorily required minimum sentence of 120 months" such that his "guidelines range was

---

[4] U.S.S.G. § 1B1.10 Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), reads in part subpart (a)(2): "Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if — . . . (B) [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."

unaffected by the recent amendments to the crack quantity guidelines." Or as the Ninth Circuit stated, the "mandatory minimum 'was not affected by the changes in the [drug] equivalency tables.'" *Paulk*, 569 F.3d at 1095 (quoting *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (alteration in original)). The Sixth Circuit in *Johnson*, 564 F.3d at 423, agreed. This court in *United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009), reached the same conclusion in rejecting the defendant's request to reduce the five-year term of supervised release, assuming such a request to come within the scope of section 3582(c)(2), because the five-year term was mandated by 21 U.S.C. § 841(b)(1)(A).

Cook's analytical error is clear from the plain text of section 3582(c)(2), which uses neither of the formulations in U.S.S.G. § 5G1.1(g) or U.S.S.G. § 1B1.10(a)(2)(B), referring instead to "a term of imprisonment based on a *sentencing range* that has subsequently been lowered," 18 U.S.C. § 3582(c)(2) (emphasis added). That the statute refers to "sentencing range" further supports the circuits' interpretation that the statutory mandatory minimum is the applicable guideline range for purposes of section 3582(c)(2). "[T]he term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." *Mateo*, 560 F.3d at 155 (internal quotations omitted).

The cases on which Cook relies for his two-step analysis of sentencing under the Sentencing Guidelines do not address the question now before the court. In *United States v. Rodriguez-Martinez*, 25 F.3d 797, 799 (9th Cir. 1994), the court did hold that the district court could not abdicate its responsibility to determine the guideline range by skipping to the mandatory minimum in the first instance, but the court said nothing about whether the mandatory minimum became the basis of the

sentence for purposes of a section 3582(c)(2) motion. In *United States v. Richardson*, 521 F.3d 149, 158–59 n.2 (2d Cir. 2008), the court was addressing the initial sentencing, not whether being sentenced to a mandatory minimum would foreclose relief under a later filed section 3582(c)(2) motion. Cook's response that the mandatory minimum cases of *Paulk*, 569 F.3d at 1095, and *United States v. McChriston*, 329 Fed. Appx. 255, 256 (11th Cir. 2009), "brushed over the issue of whether or not the original sentence was 'based on' the subsequently reduced guideline range," Appellant's Reply Br. 14–15, overlooks that the circuits have held that the original sentence was "based on" the statutory mandatory minimum, not the initial guideline range, *Paulk*; 569 F.3d at 1095; *McChriston*, 329 Fed. Appx. at 256; *see also Poole*, 550 F.3d at 678–79. Cook's interpretation, that the "based on" requirement in section 3582(c)(2) refers to an "academic"guideline range, *Poole*, 550 F.3d at 679, is unfaithful to the text.

Second, Cook attempts to demonstrate his eligibility for section 3582(c) relief on the ground that his 1994 mandatory minimum sentence is unlawful. Cook would distinguish the mandatory minimum cases in the other circuits by noting that in those cases there was no dispute that the defendant was convicted of an offense that carried a mandatory minimum sentence, unlike here where there is no statutory mandatory minimum sentence upon conviction of 21 U.S.C. § 841(b)(1)(C), the provision under which Cook would have been sentenced on the jury findings. *See United States v. Webb*, 255 F.3d 890, 896–97, 899–900 (D.C. Cir. 2001) (citing *United States v. Fields*, 251 F.3d 1041, 1043 (D.C. Cir. 2001)). But when Cook was sentenced in 1994, it was standard practice for the sentencing court to make findings of fact on drug quantity. *See id.* at 894. That aside, the plain text of section 3582(c)(2) does not support the broad resentencing remedy Cook seeks. The statutory mandatory minimum provision under which he was

sentenced was not reduced by the Guidelines amendments, much less was it a guideline range that has been reduced.

In *Lafayette*, this court joined the other circuits in rejecting a broad interpretation of section 3582(c)(2) as generally reopening a defendant's sentence. The court explained that section 3582(c)(2)

> provides a circumscribed opportunity for district courts to give sentencing relief when the Sentencing Guidelines are changed. A defendant's right to file under this exception to the usual finality of sentencing decisions is triggered only by a Guidelines amendment. Given this, . . . it would be quite incongruous . . . if section 3582(c)(2) provided an avenue for sentencing adjustments wholly unrelated to such an amendment.

585 F.3d at 438. The court consequently rejected the defendant's claims regarding the constitutional infirmities of his sentence under *Booker* and *Apprendi* as "features of earlier sentencing decisions, not the district court's . . . narrow section 3582(c)(2) determination." *Id.* Cook's contention that the imposition of a mandatory minimum was unlawful because it was unauthorized is, as in *Lafayette*, a feature of his 1994 sentence. *Lafayett*e's interpretation of the limited scope of the opportunity for relief presented by section 3582(c)(2) thus bars Cook's alternative attempt to obtain relief. *See LaShawn v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (en banc).

Cook's reliance on the rule of lenity and the canon against producing absurd results is misplaced. The former is a canon of last resort where there is statutory ambiguity. *See United States v. R.L.C.*, 503 U.S. 291, 305–06 (1992). Section 3582(c)(2) is not ambiguous. *See FDA v. Brown & Williamson*, 529 U.S. 120, 132–33 (2000) (citing *Brown v. Gardner*, 513 U.S. 115, 118

(1994)). The latter canon imposes a high threshold: A "statutory outcome is absurd if it defies rationality" by "render[ing] a statute nonsensical or superfluous" or if it creates "an outcome so contrary to perceived social values that Congress could not have intended it." *Landstar Express Am., Inc. v. FMC*, 569 F.3d 493, 498-499 (D.C. Cir. 2009) (internal quotations omitted). No such concerns exist here as the distinction drawn by the circuits is between sentences imposed under mandatory minimums and those imposed under the otherwise applicable guideline range. Moreover, the government argues that granting Cook relief would provide a windfall to a small class of defendants convicted of crack-related drug offenses, with no comparable relief offered to similarly situated drug offenders, resulting in unwarranted sentencing disparities that Congress sought to eliminate in the Sentencing Reform Act of 1984, P.L. No. 98-473, 98 Stat. 1987, as amended and codified at 18 U.S.C. §§ 3551–3626 and 28 U.S.C. §§ 991–998. This concern echoes that expressed by this court in *Lafayette*, 585 F.3d at 438.

Accordingly, because Cook was sentenced to a statutory mandatory minimum sentence, he is ineligible for relief under section 3582(c)(2) based on Sentencing Guidelines' Amendments 703, 711, and 713, and we affirm the denial of his motion.