**UNITED STATES of America**

v.

**James C. GREEN, Defendant.**

**Criminal Case No. 04–360 (RBW)**

United States District Court,
District of Columbia.

Signed 12/07/2012

Filed 12/10/2012

---

Barry Wiegand, U.S. Attorney's Office Special Proceedings Section, Washington, DC, for Plaintiff.

Carlos J. Vanegas, Mary Manning Petras, Federal Public Defender for the District of Columbia, Washington, DC, for Defendant.

## ORDER

REGGIE B. WALTON, United States District Judge

This matter is before the Court on the defendant's Motion to Reduce Sentence ("Def.'s Mot.") pursuant to 18 U.S.C. § 3582(c)(2). Def.'s Mot. at 1. For the reasons set forth below, the defendant's motion is denied.[1]

### I. Background

On October 12, 2005, the Court sentenced the defendant, James C. Green, to a 132–month incarceration term "on the charge of unlawful possession with intent to distribute 50 grams or more of cocaine base." Def.'s Mot. at 1. This sentence was "based on a finding that the applicable sentencing range under the United States Sentencing Guidelines was 121 to 151 months." Id. When the defendant was sentenced in 2005, the statutory mandatory minimum prison sentence for this offense was ten years (i.e., 120 months). ECF No. 22; ECF No. 23.

---

1. In addition to the defendant's motion, the Court considered the following filings in resolving the motion: the Government's Opposition to Motion to Reduce Sentence ("Gov't's Opp'n"); the Defendant's Reply to Government's Opposition to Defendant's Motion to Reduce Sentence ("Def.'s Reply"); the Defendant's Memorandum in Aid of Sentencing, filed in 2005 ("ECF No. 22"); the Government's Response to the Defendant's Sentencing Memorandum, also filed in 2005 ("ECF No. 23"); the 2009 Unopposed Motion to Reduce Sentence ("ECF No. 40"); and the 2009 Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("ECF No. 42").

On April 15, 2009, the Court granted the defendant's unopposed motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendments 706 and 711 of the Sentencing Guidelines ("Amendments 706 and 711"). Def.'s Mot. at 1–2; ECF No. 42. Amendments 706 and 711 "lowered the base offense levels … for offenses involving crack cocaine" and reduced the applicable guidelines range to "97 to 121 [sic] months." Id. at 1; Gov't's Opp'n at 2–3; see also ECF No. 40; ECF No. 42. The defendant's prison sentence was accordingly reduced to 120 months, pursuant to the applicable "statutory mandatory minimum sentence." Gov't's Opp'n at 3 (quoting ECF No. 40).

On July 12, 2012, the defendant filed this current Motion to Reduce Sentence pursuant to 10 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 750 of the Sentencing Guidelines ("Amendment 750"), which further reduced the applicable guideline range to 63 to 78 months. Def.'s Mot. at 1–2. And the statutory minimum prison sentence is now five years (i.e., 60 months). See Fair Sentencing Act, 21 U.S.C. § 841 (2010) ("FSA").

The defendant argues that "[b]ecause his guideline range has been lowered, he is eligible for a reduction, unless an applicable statutory mandatory minimum sentence prevents such a reduction." Def.'s Reply at 2 (emphasis added). He claims that Congress intended the "FSA 18–to–1 mandatory minimums [to] apply in tandem with the FSA 18–to–1 sentencing guidelines." Id. at 3. Relying on Dorsey v. United States, 567 U.S. 260, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), the defendant further asserts that "Congress's goals of consistency, avoiding disparity, and eliminating unfairness establish a 'fair implication' that Congress intended the FSA mandatory minimums to apply in § 3582(c)(2) pro-

ceedings involving the retroacting FSA guideline amendments." Def.'s Reply at 7.

The government argues in response that the defendant is ineligible for § 3582(c)(2) relief because his sentence "results from an applicable statutory mandatory[ ]minimum sentence, and not from an application of sentencing guidelines that have since been revised." Gov't's Opp'n at 6–7 (emphasis added). The government contends that under United States v. Bigesby, 685 F.3d 1060 (D.C. Cir. 2012), which was decided the day after the Supreme Court's decision in Dorsey, "the FSA's changes to statutory mandatory minima are not retroactive to a person sentenced before the act's 2010 effective date." Gov't's Opp'n at 9.

## II. Discussion

Generally, "a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum." Dorsey, 567 U.S. at 266–67, 132 S.Ct. at 2327; see also 28 U.S.C. § 994(b)(1) (The Commission must "establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code"); Kimbrough v. United States, 552 U.S. 85, 106–08, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) ("[S]entencing courts remain bound by the mandatory minimum sentences prescribed in [federal statutes]."). "A federal court generally 'may not modify a term of imprisonment once it has been imposed,'" Dillon v. United States, 560 U.S. 817, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(c)(2)), because "the United States has an interest in the finality of sentences imposed by its own courts," Johnson v. United States, 544 U.S. 295, 309, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). Section 3582(c)(2) allows a court to reduce a defendant's sentence that was "based on a guideline range subsequently lowered by the Sentencing Commission,"

United States v. Cook, 594 F.3d 883, 884 (D.C. Cir. 2010) (quotation marks omitted). However, defendants whose sentences were based on "mandatory minimum[s]" are "ineligible for [§ 3582(c)(2) ] relief." Id.

■ Thus, to grant the defendant's motion to reduce his sentence pursuant to § 3582(c)(2), the Court must first find that he was sentenced "based on a guideline range subsequently lowered," Cook, 594 F.3d at 884 (quotation marks omitted), before turning to the question raised by Dorsey of whether "the [FSA's] new, more lenient mandatory minimum provisions" apply to reduce sentences of "offenders who committed a crack cocaine crime" and were originally sentenced "before August 3, 2010," Dorsey, 567 U.S. at 264, 132 S.Ct. at 2326, 2335; see also United States v. Douglas, 644 F.3d 39, 46 (1st Cir. 2011). Because the defendant's sentence was not "based on a guideline range subsequently lowered," Cook, 594 F.3d at 884 (emphasis added), the defendant's motion must be denied.[2]

■ "[O]nce the mandatory minimum [has been] applied, [a defendant's] sentence [is] no longer based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Cook, 594 F.3d at 886 (quoting United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009)) (internal quotation marks and citation omitted); see also Bigesby, 685 F.3d at

1063 ("[T]he trial judge sentenced [the defendant] to ten years' imprisonment for the crack cocaine conviction, the mandatory minimum"); United States v. Medley, No. 93-00410-1 (TFH), 2012 WL 3095346, *1 (D.D.C. July 30, 2012) (slip copy) (denying the defendant's § 3582(c)(2) reduction motion from "120 months of imprisonment" because the term represented a "statutory mandatory minimum"). "It is not enough that a guideline was merely calculated or considered along the way" because it "must have actually played a role in determining [the sentencing] range." United States v. Tepper, 616 F.3d 583, 586 (D.C. Cir. 2010) (original emphasis).

Although the defendant's 2005 sentencing was "based on" the "applicable sentencing range under the United States Sentencing Guidelines," Def.'s Mot. at 1, his 2009 resentencing was constrained by the pre-FSA statutory mandatory minimum, ECF No. 40; ECF No. 42. Because the Court applied the 120–month statutory minimum prison term, the defendant's reduced "sentence was no longer based on a sentencing range that has subsequently been lowered." Cook, 594 F.3d at 886 (quoting Williams, 551 F.3d at 185). And because a defendant whose sentence is based on a statutory minimum is ineligible for § 3582(c)(2) relief, id. at 884, the Court must deny the defendant's present motion to further reduce his sentence.

---

**2.** Accordingly, the Court need not address the import of the Dorsey decision as urged by the defendant. Def.'s Reply at 7. The Court recognizes, however, that at least two opinions issued by a member of this Court have considered Dorsey and Bigesby, finding that together they require application of the pre-FSA statutory mandatory minimums in similar factual scenarios. United States v. Medley, No. 93-00410-1 (TFH), 2012 WL 3095346, *1 n.2 (D.D.C. July 30, 2012) (slip copy) ("18 U.S.C. § 3582(c)(2) proceedings should [not] be deemed to be post-[FSA] 'sentencings' for the

purpose of applying the Supreme Court's decision in Dorsey" because "such an interpretation" would be "in contravention to the D.C. Circuit's position [in Bigesby] that the Act 'is not retroactive.' "); United States v. Sartor, No. 04-00455-11 (TFH), 2012 WL 3095351, *1 (D.D.C. July 30, 2012) ("[T]he [FSA]'s more lenient statutory mandatory minimum sentences currently apply only to cases in which defendants were [originally] sentenced after the Act's enactment on August 3, 2010.").

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the defendant's Motion pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

**SO ORDERED** this 10<u>th</u> day of December, 2012.