UNITED STATES of America

v.

Curtistine JOHNSON, Defendant.

Criminal No. 03–175–02 (RCL)

United States District Court, District of Columbia.

Signed January 25, 2013

Filed 01/28/2013

Barry Wiegand, Margaret J. Chriss, U.S. Attorney's Office, Timothy J. Kelly, U.S. Department of Justice, Washington, DC, for United States of America.

Mary Manning Petras, Federal Public Defender for the District of Columbia, Leonard L. Long, Jr., Washington, DC, for Defendant.

## MEMORANDUM AND ORDER

ROYCE C. LAMBERTH, Chief Judge, United States District Court

Before the Court is defendant Curtistine Johnson's motion to reduce sentence [187] pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of Ms. Johnson's Motion [187], the government's Opposition [188], the defendant's Reply [189], the entire record herein, the applicable law, and for the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

Defendant was indicted on April 24, 2003, and charged with the following offenses: (1) unlawful possession with intent to distribute 5 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (2000); (2) using, carrying and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (4) unlawful maintenance of premises to manufacture, distribute, store, and use a controlled substance, in violation of 21 U.S.C. § 856(a)(2).[1] Presentence Investigation Report ¶ 1, Revised June 16, 2004 ("PSR"). A jury found the defendant guilty on all charged counts. *Id.* ¶ 2.

At the time, Counts 1 and 2 both carried statutory mandatory minimum terms of 60 months. *Id.* ¶ 49. Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(7) (2003), the defendant's base offense level was 26. PSR ¶ 15. Based on her offense level and a criminal history category of I, the defendant's Guidelines sentencing range was calculated to be 63 to 78 months imprisonment for Counts 1 and 4. *Id.* ¶ 50. The Guidelines sentence for Count 2 was 60 months, pursuant to

U.S.S.G. § 5G1.1(c)(2). *Id.* On September 24, 2004, Judge John G. Penn sentenced the defendant to an aggregate 120–month term of imprisonment, comprised of two mandatory minimum terms of 60 months for Counts 1 and 2, to run consecutively, in accordance with 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 924(c), and 51 months for Count 4 (to run concurrently with Count 1). *See* J. & Commitment, Sept. 29, 2006, ECF No. 100. This judgment was affirmed on appeal, *see United States v. Johnson*, 437 F.3d 69, 75 (D.C. Cir. 2006), and Judge Thomas Hogan denied the defendant's subsequent collateral attacks on her conviction, *see* Order 2, May 18, 2012, ECF No. 186. Defendant now seeks a reduction of her sentence under 18 U.S.C. § 3582(c)(2). Mot. Reduce 1, Aug. 15, 2012, ECF No. 187.

## II. DISCUSSION

■ "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582)). However, 18 U.S.C. § 3582(c)(2) allows the Court to modify a sentence when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with the applicable policy statements issued by the Commission." Application of this narrow exception requires a court to "discern the foundation for the term of imprisonment imposed ...." *Freeman v. United States*, 564 U.S. 522, 131 S.Ct. 2685, 2695, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring). The D.C. Circuit has stated that defendants sentenced to a statutory mandatory minimum are ineligi-

---

1. A four-count indictment was filed against defendant and her co-defendant Melvin Lawrence. Ms. Johnson was charged with Counts 1, 2, and 4, whereas Mr. Lawrence was charged with Counts 1, 2, and 3. PSR ¶ 1.

ble for a reduced sentence pursuant to § 3582(c)(2) "because the sentence is no longer 'based on' a sentencing range." *United States v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010).

■ Defendant, here, was not sentenced based on the Guidelines sentencing range for her crack cocaine offense but rather to the statutory mandatory minimum term of imprisonment for her offenses. Thus, she is ineligible for a reduced sentence under § 3582(c)(2). *See Cook*, 594 F.3d at 886. The defendant maintains that the mandatory minimum for her crack cocaine offense "no longer applies" and therefore she should receive a reduced sentence based on the amendment 750 to the Guidelines, which has been made retroactive. *See* Mot. Reduce 2–3; Def.'s Reply 1–2, Sept. 11, 2012, ECF No. 189. This argument confuses the recent amendments to both the statutory mandatory minimums and the Guidelines sentencing ranges for crack cocaine offenses.

The crack cocaine Guidelines have been reduced a number of times, most recently in response to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372, which took effect on August 3, 2010. Pre–FSA guidelines carried a 100–to–1 disparity between the amount of crack and power cocaine necessary to trigger strict mandatory-minimum sentences. *See, e.g., Dorsey v. United States*, 567 U.S. 260, 132 S.Ct. 2321, 2328–29, 183 L.Ed.2d 250 (2012). The FSA lowered that disparity to 18–to–1. *See* 21 U.S.C. § 841(b)(1) (*amended by* FSA § 2(a)). Subsequently, the United States Sentencing Commission ("U.S.S.C.") promulgated Emergency Amendment 748, which became effective on November 1, 2010, and lowered the Guidelines ranges for crack offenses to reflect the FSA's 18–to–1 disparity. *U.S. Sentencing Guidelines Manual (USSG) App. C. Vol. III.* Amendment 750, which

made the new lower sentencing ranges established by Amendment 748 permanent, and Amendment 759, which made the ranges retroactive, took effect on November 1, 2011. *Id.*; *see also U.S.S.G.* § 1B1.10.

■ In *Dorsey*, the Supreme Court determined that the FSA applies retroactively, but only to those defendants convicted of crack offenses before the enactment of the FSA but sentenced after the FSA took effect—August 3, 2010. 132 S.Ct. at 2335. Following *Dorsey*, the D.C. Circuit held in *United States v. Bigesby* that a defendant sentenced to a statutory mandatory minimum term of imprisonment prior to the enactment of the FSA was ineligible for resentencing under the FSA because "[the FSA] is not retroactive." 685 F.3d 1060, 1066 (D.C. Cir. 2012); *see also United States v. Fields*, 699 F.3d 518, 522 (D.C. Cir. 2012) (reaffirming the holding in *Bigesby* that the FSA is not retroactive). Accordingly, defendant, who was sentenced to a statutory mandatory minimum sentence before the enactment of the FSA, is ineligible for a reduced sentence pursuant to either the FSA or § 3582(c)(2).

## III. CONCLUSION

For the foregoing reasons, the Court holds that the defendant's Motion to Reduce Sentence [187] must be denied. Therefore, it is hereby

**ORDERED** that the defendant's motion is **DENIED**.

**SO ORDERED** this 25th day of January 2013.