**UNITED STATES of America**

**v.**

**Norris Robert MARTIN, Defendant.**

**Criminal No. 05–232 (RCL)**

United States District Court,
District of Columbia.

Signed 01/25/2013

Filed 01/28/2013

Jason Park, Assistant United States Attorney, Washington, DC, Wanda J. Dixon, Wanda J. Dixon, Esq., Largo, MD, for United States of America.

Mary Manning Petras, Federal Public Defender for the District of Columbia,

Idus Jerome Daniel, Jr., Washington, DC, for Defendant.

**MEMORANDUM AND ORDER**

ROYCE C. LAMBERTH, Chief Judge

Before the Court is defendant Norris Robert Martin's motion to reduce sentence [18] pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of Mr. Martin's Motion [18], the government's Opposition [20], the defendant's Reply [21], the entire record herein, the applicable law, and for the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

Defendant was indicted on June 14, 2005, and charged with three counts of unlawful distribution of 5 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (2006) (Counts 1 through 3), and one count of unlawful distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 4). Presentence Investigation Report ¶ 1, Revised Feb. 21, 2006 ("PSR"). The defendant pled guilty to Count 4, *id.* ¶ 2, in accordance with a written plea agreement supported by the government's factual proffer that the defendant was responsible for 246.6 grams of cocaine base ("crack cocaine"), Government's Proffer 6, Dec. 21, 2005, ECF No. 12. *See also* Mot. Reduce 2, July 10, 2012, ECF No. 18 (acknowledging the defendant's offense involved 246.6 grams of crack cocaine).

Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(a)(3) and (c)(3) (2005), the defendant's base offense level was 34. *See* PSR ¶ 19. Defendant received a two-level increase for possession of firearms and a three-level decrease for acceptance of responsibility, in accordance with U.S.S.G. §§ 2D1.1(b)(1) and

3E1.1, respectively. PSR ¶¶ 20, 26. Based on his total offense level—33—and criminal history category—I—the defendant's Guidelines sentencing range was calculated to be 135 to 168 months imprisonment. *Id.* ¶ 65. The statutory provisions required a minimum term of 10 years imprisonment, with a maximum of life. *Id.* ¶ 64. On March 6, 2006, Judge James Robertson sentenced the defendant to the mandatory minimum term of 120 months imprisonment, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A). J. & Commitment 1–2, Mar. 13, 2006, ECF No. 17. Defendant now seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2). Mot. Reduce 1.

## II. DISCUSSION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582). However, 18 U.S.C. § 3582(c)(2) allows the Court to modify a sentence when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with the applicable policy statements issued by the Commission." Application of this narrow exception requires a court to "discern the foundation for the term of imprisonment imposed...." *Freeman v. United States*, 564 U.S. 522, 131 S.Ct. 2685, 2695, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring). The D.C. Circuit has stated that defendants sentenced to a statutory mandatory minimum are ineligible for a reduced sentence pursuant to § 3582(c)(2) "because the sentence is no longer 'based on' a sentencing range." *United States v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010).

Defendant, here, pled guilty to unlawful distribution of 50 grams or more of crack

cocaine and was sentenced to the statutory mandatory minimum of 120 months imprisonment. Thus, because defendant's sentence was not based. on a Guidelines sentencing range but rather a statutory mandatory minimum, he is ineligible for a reduced sentence under § 3582(c)(2). *See id.*

The crack cocaine Guidelines have been reduced a number of times, most recently in response to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111–220, 124 Stat. 2372, which took effect on August 3, 2010. Pre–FSA guidelines carried a 100–to–1 disparity between the amount of powder and crack cocaine necessary to trigger strict mandatory-minimum sentences. *See, e.g., Dorsey v. United States*, 567 U.S. 260, 132 S.Ct. 2321, 2328–29, 183 L.Ed.2d 250 (2012). The FSA lowered that disparity to 18–to–1. *See* 21 U.S.C. § 841(b)(1) (*amended by* FSA § 2(a)). Subsequently, the United States Sentencing Commission ("U.S.S.C.") promulgated Emergency Amendment 748, which became effective on November 1, 2010, and lowered the Guidelines ranges for crack offenses to reflect the FSA's 18–to–1 disparity. *U.S. Sentencing Guidelines Manual (USSG) App. C. Vol. III.* Amendment 750, which made the new lower sentencing ranges established by Amendment 748 permanent, and Amendment 759, which made the ranges retroactive, took effect on November 1, 2011. *Id.; see also* U.S.S.G. § 1B1.10.

Defendant would like the Court to apply the amended Guidelines to his case. If the retroactive Guidelines were to apply to defendant, his total offense level would be reduced from 33 to 29, which, holding the other sentencing variables constant, yields a Guidelines sentencing range of 87 to 108 months. *See* U.S.S.G. § 2D1.1(a)(5) and (c)(5) (2012). More importantly, under the FSA, the applicable mandatory minimum

for defendant's offense would be 5 years imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (*amended by* FSA § 2(a)(2)). The defendant argues that Congress intended the FSA mandatory minimums and the conforming Guidelines to work in tandem, and therefore, because the Commission promulgated a retroactive Guidelines amendment the Court should likewise apply the mandatory minimums retroactively and reduce his sentence to time served. *See* Def.'s Reply 4–5, July 27, 2012, ECF No. 21. This argument, however, creeps beyond the scope of 18 U.S.C. § 3582(c)(2), which only allows a court to reduce a sentence insofar as it is based on a Guidelines range subsequently lowered by the U.S.S.C. Since defendant's sentence was based on statute rather than the Guidelines, his sentence cannot be reduced pursuant to § 3582(c)(2). *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (providing that the FSA's statutory amendments do not serve as a basis for § 3582(c)(2) relief); *accord Cook*, 594 F.3d at 886. Moreover, recent Supreme Court and D.C. Circuit opinions provide that the FSA mandatory minimums do not apply retroactively.

In *Dorsey*, the Supreme Court determined that the FSA applies retroactively, but only to those defendants convicted of crack offenses before the enactment of the FSA but sentenced after the FSA took effect—August 3, 2010. 132 S.Ct. at 2335. Following *Dorsey*, the D.C. Circuit held in *United States v. Bigesby* that a defendant sentenced to a statutory mandatory minimum term of imprisonment prior to the enactment of the FSA was ineligible for resentencing under the FSA because "it is not retroactive." 685 F.3d 1060, 1066 (D.C. Cir. 2012); *see also United States v. Fields*, 699 F.3d 518, 522 (D.C. Cir. 2012) (reaffirming the holding in *Bigesby* that the FSA is not retroactive). Accordingly, defendant, who was sentenced to a statuto-

ry mandatory minimum sentence before the enactment of the FSA, is ineligible for a sentencing reduction either pursuant to the FSA or pursuant to § 3582(c)(2).

## III. CONCLUSION

For the foregoing reasons, the Court holds that the defendant's Motion to Reduce Sentence [18] must be denied. Therefore, it is hereby

**ORDERED** that the defendant's motion is **DENIED**.

**SO ORDERED** this 25th day of January 2013.