**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

KENNETH LAMONT PAULK,
          *Defendant-Appellant.*

No. 08-50229

D.C. No.
2:92-cr-00738-TJH

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted February 2, 2009*
Pasadena, California

Filed June 24, 2009
Amended August 6, 2009

Before: Harry Pregerson, Susan P. Graber, and
Kim McLane Wardlaw, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

10447

## COUNSEL

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant Kenneth Paulk.

Daniel B. Levin, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee United States of America.

## ORDER

The mandate is recalled. The opinion published on June 24, 2009, and appearing at 569 F.3d 1094 (9th Cir. 2009), is amended as follows: on slip opinion page 7708, delete the full paragraph constituting Part II and replace with:

> We have jurisdiction to consider Paulk's appeal under 28 U.S.C. § 1291. We recently concluded that we review the discretionary denial of a motion to reduce a sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Colson*, ___ F.3d ___, No. 08-10287, 2009 WL 2185406, at *1 (9th Cir. July 23, 2009) (order). Here, however, we are confronted with only the legal question whether the pertinent guidelines amendment was applicable to the defendant's sentence. Like all other questions of statutory interpretation, *see Beeman v. TDI Managed*

*Care Servs., Inc.*, 449 F.3d 1035, 1038 (9th Cir. 2006), and Sentencing Guidelines interpretation, *United States v. Auld*, 321 F.3d 861, 863 (9th Cir. 2003), we review this question of law de novo.

The Clerk is directed to re-issue the mandate immediately upon filing of the amended opinion. No petitions for rehearing will be entertained.

IT IS SO ORDERED.

## OPINION

PER CURIAM:

We must decide whether a defendant sentenced pursuant to a statutory mandatory minimum is entitled to a reduction of sentence under 18 U.S.C. § 3582(c)(2). We conclude that the district court has no authority to reduce a sentence in these circumstances, and we affirm the denial of the motion.

## I.

Kenneth Paulk pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). Though the probation office initially calculated Paulk's base guideline range as 135-168 months pursuant to United States Sentencing Guidelines ("U.S.S.G.") section 2D1.1, the district court sentenced the defendant to the statutory mandatory minimum of 240 months under 21 U.S.C. § 841(b)(1)(A)(iii), because Paulk had a prior conviction and pled guilty to possessing more than fifty grams of cocaine base. After Paulk's sentencing, the Sentencing Commission amended U.S.S.G section 2D1.1 to lower the applicable sentencing range, U.S.S.G. app. C, amend. 706., explicitly making the amendment retroactive, U.S.S.G. § 1B1.10(c). Paulk filed a motion

to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which the district court denied. Paulk timely appeals.

## II.

We have jurisdiction to consider Paulk's appeal under 28 U.S.C. § 1291. We recently concluded that we review the discretionary denial of a motion to reduce a sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Colson*, ___ F.3d ___, No. 08-10287, 2009 WL 2185406, at *1 (9th Cir. July 23, 2009) (order). Here, however, we are confronted with only the legal question whether the pertinent guidelines amendment was applicable to the defendant's sentence. Like all other questions of statutory interpretation, *see Beeman v. TDI Managed Care Servs., Inc.*, 449 F.3d 1035, 1038 (9th Cir. 2006), and Sentencing Guidelines interpretation, *United States v. Auld*, 321 F.3d 861, 863 (9th Cir. 2003), we review this question of law de novo.

## III.

[1] Section 3582(c)(2) provides that when a defendant is sentenced "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). According to the relevant policy statement, "a reduction . . . is not authorized under 18 U.S.C. 3582(c)(2) [if the] amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . a statutory mandatory minimum term of imprisonment[ ]." U.S.S.G. § 1B1.10 cmt. n.1(A).

[2] Paulk is not entitled to a reduction because his sentence was not "based on a sentencing range that has subsequently

been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841. This mandatory minimum "was not affected by the change in the [drug] equivalency tables." *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996). *In Mullanix* we also rejected the argument that the defendant was entitled to resentencing because the mandatory minimum could be avoided due to a subsequent statutory enactment. *Id.* Therefore, we similarly reject Paulk's argument that the mandatory minimum could be avoided on resentencing due to the operation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finally, we note that all of our sister circuits that have considered the question also have concluded that a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2). *See United States v. Hood*, 556 F.3d 226, 233 (4th Cir. 2009); *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009); *United States v. Ganun*, 547 F.3d 46, 47 (1st Cir. 2008) (per curiam); *United States v. Johnson*, 517 F.3d 1020, 1023-24 (8th Cir. 2008); *United States v. Poole*, 550 F.3d 676, 679 (7th Cir. 2008); *United States v. Williams*, 549 F.3d 1337, 1339-42 (11th Cir. 2008) (per curiam).

[3] Because we determine that Paulk was not entitled to a sentence reduction, we do not reach his remaining claims. The district court properly declined to resentence Paulk under § 3582(c)(2).

**AFFIRMED.**