FILED

OCT 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JULIUS LEWIS and TITUS LEWIS,

        Defendants - Appellants.

Nos. 09-30308, 09-30309

D.C. Nos. 2:06-CR-00033-JLQ-1
           2:06-CR-00033-JLQ-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quakenbush, District Judge, Presiding

Argued and Submitted October 8, 2010
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and COLLINS, District
Judge.[**]

       Julius and Titus Lewis appeal from the district court's grant in part of their

motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006), based

on the crack cocaine amendments to the sentencing guidelines. *See* U.S.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Cir. R. 36-3.

     [**]    The Honorable Raner C. Collins, United States District Judge for the District of
Arizona, sitting by designation.

Sentencing Guidelines Manual (U.S.S.G.) app. C, amend. 706 (2007). Julius and Titus Lewis requested a two-level reduction in their offense level and sentences at the bottom of the amended guideline range. The district court reduced their offense level, but imposed sentences at the higher end of the amended guideline range. The parties are presumed to be familiar with the remaining facts, and we do not recount them here except as necessary to explain our decision.

The Lewises assert on appeal that (1) the district court misconstrued its role during the 18 U.S.C. § 3582(c)(2) hearing by stating that it was limited to determining the sentence it would have imposed had the amended guidelines been in effect at the time of the Lewises' initial sentencing, thereby foreclosing a proper inquiry of the 18 U.S.C. § 3553(a) factors; and (2) the district court abused its discretion in reducing the Lewises' sentences. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a 18 U.S.C. § 3582(c)(2) sentence reduction decision for abuse of discretion. *United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009). "'A district court may abuse their discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact.'" *United States v. Sprague*, 135 F.3d 1301, 1304 (9th Cir. 1998) (quoting *United States v. Plainbull*, 957 F.2d 724, 725 (9th Cir. 1992)). "Underlying questions of law are reviewed de novo." *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009) (citing

*United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009)(per curiam)).

### 1. Role of the District Court at Sentence Reduction Hearing

Under 18 U.S.C. § 3582(c), a court "may not modify a term of imprisonment once it has been imposed." However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule and allows modification of a term of imprisonment if the sentence is "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010) (quoting 18 U.S.C § 3582(c)(2)).

The Supreme Court in *Dillon* outlined the two-step inquiry the district court is required to perform in deciding a § 3582(c)(2) motion. First, "§ 3582(c)(2) requires the [district] court to follow the Commissions instructions in [U.S.S.G.] § 1.B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 2691. Second, "§ 3582(c)(2) instructs a [district] court to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692. Based on the nature of this inquiry, the Court emphasized that a consideration of "§ 3553(a) is appropriate only at the second step of this circumscribed inquiry" and "it cannot serve to transform the

proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id.*

The Lewises' contention that the district court misconstrued its role during the § 3582(c)(2) sentence reduction hearing and failed to conduct a proper analysis of the § 3553(a) factors is unavailing. Specifically, the Lewises argue that the district court failed to consider their post-conviction efforts toward rehabilitation, which they assert is relevant under the "history and characteristics" prong of the § 3553(a) analysis. This position is belied by the record. The district court, during the sentence reduction hearing, expressly stated that it considered the § 3553(a) factors and that it could not ignore the Lewises' accomplishments since their incarceration. Accordingly, the district court considered the Lewises' post-conviction rehabilitation efforts.

To the extent the district court made inexact statements about the scope of its role during the § 3582(c)(2) hearing, these statements are harmless error because the Lewises' substantial rights were unaffected given that the district court did consider their post-conviction rehabilitation efforts. *See* FED. R. CRIM. P. 52(a) ("[a]ny error . . . that does not affect substantial rights must be disregarded"); *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (noting that for an error to affect substantial rights, it "must have affected the outcome of the district court proceedings").

### 2. Reduction of the Lewises' Sentences

The district court did not abuse its discretion by reducing the Lewises' sentences to the higher end of their respective amended guideline ranges. The district court acknowledged that the sentencing ranges were lowered and reduced the Lewises' sentences to terms still within the amended guideline range, while reiterating facts it relied on at the time of their initial sentencings, such as the seriousness of their offenses and the need to protect the public. These considerations satisfy the requirements under § 3553(a) and U.S.S.G. § 1.B1.10. *See* 18 U.S.C § 3553(a)(1) (nature and circumstances of offense); *id.* § 3553(a)(2)(A) (seriousness of offense); *id.* § 3553(a)(2)(C) (public protection); U.S.S.G. § 1.B1.10 cmt. n. 1(B)(ii) (public safety). The district court properly exercised its discretion by stating it had considered the § 3553(a) factors and the facts it relied on in determining the appropriate sentence reductions for the Lewises. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (noting that the "district court need not tick off each of the § 3553(a) factors to show that it has considered them").

**AFFIRMED.**