**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1058
_____

UNITED STATES OF AMERICA

v.

CLARENCE MICHAEL CURRY,
a/k/a Angry Mike

Clarence Michael Curry,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:08-cr-00041-007)
District Judge:  Honorable Harvey Bartle III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2012
Before:  SLOVITER, SMITH and COWEN, Circuit Judges

(Opinion filed: July 16, 2012)
_____

OPINION
_____

PER CURIAM

     Clarence Michael Curry, who proceeds pro se and in forma pauperis, appeals an order of the District Court that denied his motion to reduce his term of incarceration.  We will affirm.

In March of 2008, Curry was indicted (along with several co-defendants) in the Eastern District of Pennsylvania on charges relating to the possession and distribution of crack cocaine. Curry eventually agreed to plead guilty to Count 48 of the superseding indictment: possession with intent to distribute five grams or more of crack, a violation of 21 U.S.C. § 841(a)(1). The written plea agreement reflected an understanding that a five-year period of incarceration would be the primary penalty for the offense, echoing the mandatory minimum term of incarceration under the version of 21 U.S.C. § 841(b)(1)(B) then in effect.[1] See Guilty Plea Agreement ¶ 4, ECF No. 497; see also Defense Sentencing Memo. 6, ECF No. 505 ("Mr. Curry asks that the Court accept the parties' plea agreement entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and sentence Mr. Curry to the jointly recommended sentence of 60 months imprisonment."). On April 1, 2010, Curry received the five-year sentence, along with four years of supervised release and a special assessment of $100. See Judgment, ECF No. 511. Curry did not appeal.

In November of 2011, Curry filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).[2] "[I]n light of the retroactive application of the guidelines portion of the Fair Sentencing Act of 2010[3]," he asked the District Court to "enter an order vacating his previously imposed sentence and re-sentence him in

---

[1] We note that the written plea agreement reflected a stipulation to a more-exact drug quantity: 98 grams. See Guilty Plea Agreement ¶ 7(a).

[2] Section § 3582(c)(2) permits a District Court, "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion," to "reduce the term of imprisonment" of a prisoner sentenced to a Guidelines range of incarceration "that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."

[3] Pub. L. No. 111-220, 124 Stat. 2372 (2010).

accordance with the provisions set forth in 18 U.S.C. §3553(a), as mandated by 18 U.S.C. § 3582(c)(2)."

Adopting the reasoning of Justice Sotomayor's concurring opinion in Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (2011), the District Court denied the motion, finding that Curry's plea agreement "did not use a Guidelines range to establish the agreed-upon term of imprisonment." United States v. Curry, Criminal Action No. 08–41–7, 2011 WL 6378821, at *2 (E.D. Pa. Dec. 20, 2011). The Court observed, moreover, that Curry's sentence "coincided with the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)." Id.

Curry timely appealed. He argues that the District Court erred by relying on Freeman to deny him relief and challenges the District Court's finding that his plea agreement was not based on a Guidelines range.[4] The United States urges us to uphold the District Court's decision, arguing, inter alia, that Curry is ineligible for relief because he was sentenced to the mandatory minimum term applicable to his offense. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's legal analysis de novo. United States v. Doe, 564 F.3d 305, 307 n.2 (3d Cir. 2009).

In United States v. Reevey, we addressed whether the Fair Sentencing Act could be "applied retroactively to authorize the District Court to impose a sentence below the

---

[4] Curry also argues that the District Court erred by failing to appoint counsel. The United States has explained that Curry's motion *was* reviewed by the Federal Defender's office, which "determined that Curry was not eligible for a reduction, and thus did not file a motion or supplemental memorandum on his behalf." Regardless, since Curry is, as a statutory matter, not entitled to relief under § 3582(c)(2), the District Court would not have abused its discretion by declining to appoint counsel.

prescribed mandatory minimum prison term in effect at the time the Appellants were sentenced." United States v. Reevey, 631 F.3d 110, 111 (3d Cir. 2010). Both defendants in Reevey had pleaded to substantially the same offense as Curry, and their relevant criminal conduct took place in 2007 and 2008. Id. at 111–12. They were sentenced on March 11, 2010, receiving the then-mandatory minimum sentence of five years of incarceration. Id. at 112. On August 3, 2010—after sentencing but during the pendency of the defendants' direct appeal—the Fair Sentencing Act was signed into law, which "amended the minimum amount of crack cocaine necessary to trigger the five-year mandatory minimum prison term from five grams to twenty eight grams." Id. at 113–14. But because both the defendants' offense conduct and their sentencing took place before the enactment of the Fair Sentencing Act, we joined our sister Courts of Appeals in holding that the statutory amendments of the Fair Sentencing Act did not apply to the defendants. Id. at 115.

Curry's request presents a near-identical fact pattern, although it comes to us via 18 U.S.C. § 3582(c)(2) and not on direct appeal. Because both his offense conduct and sentencing took place before August 3, 2010, Curry cannot take advantage of the 2010 revision to 21 U.S.C. § 841(b)(1)(B)(iii), and he is still subject to the mandatory minimum penalty of the prior version of the statute. See Reevey, 631 F.3d at 115 (discussing generally binding nature of mandatory minimum terms); see also United States v. Paulk, 569 F.3d 1094, 1095–96 (9th Cir. 2009) (per curiam) ("[A] defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2)."). Accordingly, the District Court did not err in

4

denying Curry's motion; the Court was prevented by the operation of the mandatory minimum sentence from granting any meaningful relief. See also United States v. Dorsey, ___ U.S. ___, 132 S. Ct. 2321, 2326, (June 21, 2012) (holding Fair Sentencing Act applicable to pre-Act offenders sentenced after August 3, 2010, the effective date of the Act).[5]

For the foregoing reasons, the order of the District Court will be affirmed.

---

[5] Curry filed a motion seeking leave to file a supplemental brief addressing the applicability of the Supreme Court's recent decision in Dorsey. Inasmuch as we are aware of Dorsey, we conclude there is no need for further briefing and we deny the motion.