NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff - Appellee,<br><br>   v.<br><br>TIMOTHY E. BECKETT, a.k.a. Ian,<br><br>           Defendant - Appellant. | No. 11-30177<br><br>D.C. No. 3:02-cr-00007-JWS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Timothy E. Beckett appeals from the district court's order denying his

motion to modify his term of imprisonment under 18 U.S.C. § 3582(c).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beckett seeks relief under section 3582(c) on the ground that the district

court erred by imposing consecutive sentences for his three counts of conviction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 18 U.S.C. § 924(c). Section 3582(c) is not a proper avenue for relief, as Beckett's sentence was based on the statutory mandatory minimum under 18 U.S.C. § 924(c). *See* 18 U.S.C. 3582(c)(2); *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam).

Moreover, even if the district court had authority to consider Beckett's claim, his contention would fail because section 924(c) requires consecutive sentences for each count of conviction even if all counts are charged in a single indictment. *See* 18 U.S.C. § 924(c)(1)(D)(ii); *United States v. Beltran-Moreno*, 556 F.3d 913, 915-16 (9th Cir. 2009). Contrary to Beckett's contention, *United States v. Abbott*, 131 S. Ct. 18 (2010), does not support a different conclusion.

Beckett also contends that he is entitled to resentencing under the Fair Sentencing Act. Even if the Act reached the offenses covered in Beckett's conviction, this argument is foreclosed because Beckett's offense conduct and sentencing took place before the law's enactment. *See United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) (per curiam).

**AFFIRMED.**

11-30177