NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30090 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-02012-EFS |
| v. | |
| GERARDO MIRANDA-MENDOZA, a.k.a. Rafael Ibanez-Naranjo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted February 24, 2016[**]

Before:  LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Gerardo Miranda-Mendoza appeals pro se from the district court's order

denying his motion for sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Miranda-Mendoza contends that the district court erred by denying him a sentence reduction under Amendments 782 and 788 to the Sentencing Guidelines. We review de novo whether a defendant is eligible for a sentence reduction. *See United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009). Contrary to Miranda-Mendoza's contention, his 120-month sentence was not based on the Guidelines; rather, it was the lowest sentence that the court could impose by statute. *See* 21 U.S.C. § 841(b)(1)(B)(viii). Because Miranda-Mendoza was sentenced based on the statutory mandatory minimum, the district court correctly concluded that he was ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *Paulk*, 569 F.3d at 1095-96.

**AFFIRMED.**