**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30121 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-00172-SEH |
| v. |  |
| JEREMY SHANE TURNER, | MEMORANDUM* |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jeremy Shane Turner appeals from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo whether a defendant is eligible for a

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence reduction, *see United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009), and we affirm.

Turner contends that the district court erred by denying his motion without addressing his arguments in favor of a sentence reduction. He also contends that a reduction is warranted in light of the 18 U.S.C. § 3553(a) factors. These contentions fail. Turner is ineligible for a reduction because Amendment 782 to the Sentencing Guidelines did not have the effect of lowering his guideline range due to the operation of the statutory mandatory minimum. *See* U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A) (a reduction is not authorized if an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of a statutory mandatory minimum); § 5G1.1(b) (where a mandatory minimum sentence is greater than the maximum of the applicable guideline range, the mandatory minimum "shall be the guideline sentence"). Because the district court lacked authority to reduce Turner's sentence, it had no cause to consider Turner's arguments based on the section 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

We decline to consider Turner's equal protection claim because he raised it for the first time in his reply brief. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007).

**AFFIRMED.**