**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30065 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-00006-DWM |
| v. | |
| FERMIN GONZALEZ ALMANZAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted July 18, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Fermin Gonzalez Almanzar appeals from the district court's order granting his motion for sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court reduced Almanzar's sentence to 235 months, the bottom of the amended Guidelines range. Almanzar argues that he is eligible for a more substantial reduction because the court should have used a lower drug quantity to calculate the amended range. We disagree. The district court did not have the authority, under section 3582(c)(2), to reconsider the sentencing court's drug quantity determination. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010) (proceedings under section 3582(c)(2) are not plenary resentencings). Almanzar received the lowest sentence he could have received under section 3582(c)(2). *See* U.S.S.G. § 1B1.10(b)(2)(A).

**AFFIRMED.**