**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30366 |
| Plaintiff-Appellee, | D.C. No. 4:05-cr-00130-SEH |
| v. | |
| SOLOMON BITTON SIMTOB, a.k.a. Simon Simtob, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 25, 2016[**]

Before: LEAVY, GRABER, and GOULD, Circuit Judges.

Solomon Bitton Simtob appeals from the district court's order denying his

motion for sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction

under 28 U.S.C. § 1291. We may affirm on any ground supported by the record,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006), and we affirm.

Simtob contends that, in light of the 18 U.S.C. § 3553(a) sentencing factors, the district court abused its discretion by denying his motion for a sentence reduction. We do not reach this claim because, reviewing de novo, we agree with the government that Simtob was ineligible for a reduction. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

As Simtob concedes, and the presentence report reflects, the applicable guideline range in his case is the statutory mandatory minimum of 120 months. *See* U.S.S.G. § 5G1.1(b) (where a mandatory minimum sentence is greater than the maximum of the applicable guideline range, the mandatory minimum "shall be the guideline sentence"). Thus, Amendment 782 to the Sentencing Guidelines did not have the effect of lowering Simtob's guideline range and the district court had no authority to lower his sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A); *United States v. Paulk*, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (a reduction is not authorized if an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of a statutory mandatory minimum). To the extent that Simtob contends that his 240-month sentence is a miscarriage of justice, that claim is not cognizable in a section 3582(c)(2)

proceeding. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (section

3582(c)(2) does not authorize a "plenary resentencing proceeding").

**AFFIRMED.**