NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50232 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00002-MMA |
| v. | |
| GEORGE ALBERTO BELTRAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

George Alberto Beltran appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beltran contends that he is entitled to a sentence reduction under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a defendant is eligible for a sentence reduction under section 3582(c)(2). *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009). Beltran is not eligible for a sentence reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Rather, his sentence was based on the statutory mandatory minimum under 21 U.S.C. § 960(b)(1)(B). Thus, the district court properly denied relief. *See Paulk*, 569 F.3d at 1095.

Beltran's additional claims are not cognizable under section 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (alleged sentencing errors are "outside the scope of the proceeding authorized by § 3582(c)(2)").

**AFFIRMED**.