NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10338 |
| Plaintiff-Appellee, | D.C. No. 4:01-cr-01240-DCB-CRP-1 |
| v. | |
| ANTHONY JAMES MERRICK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted January 10, 2022**
Pasadena, California

Before: WALLACE, BOGGS,*** and FRIEDLAND, Circuit Judges.

Defendant-Appellant Anthony Merrick appeals from the district court's order

denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291. "We review de novo a district court's interpretation of a statute." *U.S. v. Lopez*, 998 F.3d 431, 434 (9th Cir. 2021). Thus, although we review "the discretionary denial of a motion to reduce a sentence . . . for abuse of discretion," the "legal question [of] whether the pertinent guidelines amendment was applicable to the defendant's sentence" is reviewed de novo "[l]ike all other questions of statutory interpretation . . . and Sentencing Guidelines interpretation." *U.S. v. Paulk*, 569 F.3d 1094, 1094–95 (9th Cir. 2009) (citations omitted). For the following reasons, we affirm the district court's order.

Merrick was convicted and sentenced for a federal offense by the district court in 2002. After serving his federal prison term and while on supervised release, Merrick committed new state offenses in 2008. He was subsequently tried, convicted, and sentenced to 35 years' imprisonment by the Maricopa County Superior Court in Arizona for those state offenses. While serving his state sentence, Merrick filed a pro se motion for resentencing under 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(1)(B), seeking to modify his term of supervised release. The district court denied the motion and held that it lacked jurisdiction to grant relief under § 3582(c) where the term of federal imprisonment has ended because § 3582(c) only authorizes the court to modify an imposed term of imprisonment.

The district court did not err in its interpretation of 18 U.S.C. § 3582 and determination that § 3582(c) authorizes the court only to modify a term of

2

imprisonment and not a term of supervised release. The plain language of § 3582 shows that the statute does not provide jurisdiction to reduce a term of supervised release. Section 3582 governs the "[i]mposition of a sentence of imprisonment" and subsection (c) is titled "[m]odification of an imposed term of imprisonment." 18 U.S.C. § 3582(c). Although "the word 'sentence' encompasses both prison time and periods of supervised release," *U.S. v. Joyce*, 357 F.3d 921, 924 (9th Cir. 2004), there is a clear distinction between "imprisonment" and "supervised release." A term of supervised release is not part of the term of imprisonment. *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment."). Moreover, a different section of the federal sentencing statutes (18 U.S.C. § 3583), not § 3582, governs a "term of supervised release after imprisonment." 18 U.S.C. § 3583.

Here, Merrick is not currently serving a federal term of imprisonment. His motion to reduce sentence under § 3582(c)(1) seeks only to reduce his federal term of supervised release. Because § 3582(c) does not authorize a court to modify an imposed term of supervised release, the district court lacks jurisdiction to grant Merrick's requested relief under § 3582(c) where the term of federal imprisonment has already ended.

**AFFIRMED**.