# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 8, 2009        Decided November 3, 2009

No. 08-3024

UNITED STATES OF AMERICA,
APPELLEE

v.

SHECHEM LAFAYETTE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:88-cr-00254-TFH-1)

*A. D. Martin*, appointed by the court, argued the cause and filed the briefs for appellant.

*Peter S. Smith*, Assistant U.S. Attorney, argued the cause for appellee.  With him on the brief were *Jeffrey A. Taylor*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese III*, Assistant U.S. Attorney.

Before: SENTELLE, *Chief Judge*, TATEL, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Under section 3582(c)(2) of Title 18 of the United States Code, district courts may reduce a defendant's sentence if it was imposed based on a Sentencing Guidelines range that has since been lowered. Relying on this provision, appellant moved for a sentence reduction based on a recent Guidelines amendment and also sought to use his motion as a vehicle to gain the retroactive benefit of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). Because section 3582(c)(2) permits courts to consider only the consequences of Guidelines changes and does not reopen other elements of a sentence, we deny appellant's *Apprendi* and *Booker* claims. And finding that the district court acted within its discretion in denying a sentence reduction based on the Guidelines amendment itself, we likewise reject the other aspects of his appeal.

## I.

When we reviewed an earlier iteration of this case six years ago, we noted its "lengthy and tortured procedural history." *United States v. Lafayette*, 337 F.3d 1043, 1046 (D.C. Cir. 2003) (internal quotation marks omitted). Since then, the case has become only more byzantine, but fortunately the facts relevant to the present appeal can be summarized quite briefly.

In 1988, a federal jury found appellant Shechem Lafayette guilty on all counts of a nine-count indictment for narcotics and firearms violations. Lafayette was "a leader of a group of five or more people" that "had actually taken over most of an apartment building" in the District of Columbia, where they had stored substantial quantities of drugs and guns. Hr'g Tr. at 28 (Mar. 27, 2008). The district court sentenced Lafayette to a prison term of 410 months followed by five years of supervised release, but later reduced that

sentence to 292 months after vacating two of his firearms convictions. This 292-month total comprised a 292-month term for Count Four of his original indictment (possession with intent to distribute of fifty grams or more of cocaine base) and concurrent terms of 240 months or less for each of the remaining counts. Having completed the 240-month sentences, Lafayette remains incarcerated only because of his sentence for Count Four, the focus of this case.

Lafayette initiated this action in 2007 by filing a pro se motion for reduction of his Count Four sentence pursuant to 18 U.S.C. § 3582(c)(2). Although normally courts "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), section 3582(c)(2) allows them to do so in certain limited circumstances. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Lafayette recently became eligible for this exception thanks to Sentencing Guidelines Amendment 706, which lowered the base offense levels applicable to crack cocaine offenses. U.S.S.G. app. C, amend. 706 (Nov. 1, 2007), *made retroactive by* U.S.S.G. app. C, amend. 713 (Mar. 3, 2008). The government opposed Lafayette's request for a reduced sentence, citing the serious nature of his crimes, his

disciplinary record while incarcerated, and his refusal to accept responsibility for his offenses. Following a hearing, the district court orally denied Lafayette's motion for the reasons suggested by the government.

On appeal, Lafayette presses two arguments. First, he contends that his section 3582(c)(2) motion reopened his Count Four sentence, entitling him to the benefit of *Apprendi* and *Booker*. Second, he argues that the district court abused its discretion in denying the requested sentence reduction. We appointed counsel to represent Lafayette.

## II.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Booker*, the Court held that because *Apprendi* rendered the U.S. Sentencing Guidelines unconstitutional as a system of mandatory rules, judges must henceforth treat them as advisory only. 543 U.S. at 243–46.

Lafayette argues that his Count Four sentence violates both principles: when the district court originally imposed the sentence, it (1) believed the Guidelines were mandatory, which would now violate *Booker*, and (2) acted without a jury finding of drug quantity, which under *Apprendi* would now be required for any sentence longer than 240 months for possession with intent to distribute. *See United States v. Fields*, 251 F.3d 1041, 1043 (D.C. Cir. 2001) ("*Apprendi* . . . applies to sentences predicated on drug quantity where progressively higher statutory maximums are triggered by findings of progressively higher quantities of drugs."). Lafayette contends that by denying his section 3582(c)(2) motion, the district court effectively reimposed his sentence

and unearthed its latent defects. Although this is not the first time Lafayette has attempted to gain the retroactive benefit of *Apprendi* and *Booker*, *see Lafayette*, 337 F.3d at 1046–48; *Lafayette v. United States*, No. 88-254-1 (D.D.C. July 29, 2004), it is the first time he has tried to do so pursuant to section 3582(c)(2). As it presents a pure question of law, we consider this new version of his arguments de novo. *See United States v. McCoy*, 313 F.3d 561 (D.C. Cir. 2002).

Section 3582(c)(2) provides a circumscribed opportunity for district courts to give sentencing relief when the Sentencing Guidelines are changed. A defendant's right to file under this exception to the usual finality of sentencing decisions is triggered only by a Guidelines amendment. Given this, we think it would be quite incongruous, to say the least, if section 3582(c)(2) provided an avenue for sentencing adjustments wholly unrelated to such an amendment. Indeed, under Lafayette's construction of the provision, every retroactive Guidelines amendment would carry a significant collateral windfall to all affected prisoners, reopening every aspect of their original sentences.

That section 3582(c)(2) is not so broad is clear from the applicable Sentencing Commission policy statement, which imposes an independent limit on district courts' discretion. *See* 18 U.S.C. § 3582(c)(2) (reductions must be "consistent with applicable policy statements issued by the Sentencing Commission"). The statement warns that "proceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). The Guidelines direct courts to "determin[e] whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" by "determin[ing] the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had

been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). Emphasizing the limited nature of the section 3582(c)(2) remedy, the Guidelines further direct that "[i]n making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* These statements leave no doubt that section 3582(c)(2) cannot be made the basis for all—or indeed most—challenges to a sentence.

Seeking to avoid this conclusion, Lafayette argues that the district court "reimpos[ed]" his prior sentence and thereby violated the Fifth and Sixth Amendment anew. Appellant's Br. 16. But whatever verb one uses to describe the district court's action, the court did not start from scratch. To the extent Lafayette's sentence may have constitutional infirmities, they are features of earlier sentencing decisions, not the district court's latest, narrow section 3582(c)(2) determination.

Lafayette relies on *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), but that decision addresses a different issue. *Hicks* holds that when a court reduces a sentence pursuant to section 3582(c)(2), it must treat the amended Guidelines range as advisory in determining the extent of the reduction. *Id.* at 1170. If *Hicks* is correct, it is because a section 3582(c)(2) sentence reduction requires a new Guidelines calculation, and it is that calculation, not the calculation in the original sentence, that raises a *Booker* problem. Here, the district court denied Lafayette's request for a reduction, so his sentence is not based on any new calculation at all. Instead, Lafayette seeks to challenge a Guidelines determination made years ago. Section 3582(c)(2) cannot bear such a claim.

Moreover, as a result of *Hicks*, district courts in the Ninth Circuit now have more, not less, discretion in section 3582(c)(2) proceedings than the Sentencing Commission's policy statement would otherwise allow. Here, the district court already had discretion *within* the revised Guidelines range to do anything from leaving Lafayette's sentence untouched, as it did, to ordering him released immediately. We thus see no way that *Hicks* could have made any difference.

Given this, and as the Third and Seventh circuits have both held in cases brought under section 3582(c)(2), the proper vehicle for Lafayette's *Booker* and *Apprendi* arguments is a petition under 28 U.S.C. § 2255. *See United States v. McBride*, 283 F.3d 612, 614–16 & n.1 (3rd Cir. 2002); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001). Even if, following the Seventh Circuit's lead, we were to treat Lafayette's constitutional claims as having been filed under section 2255, we would again deny them. *See Lafayette*, 337 F.3d 1043 (denying previous section 2255 petition). Because Lafayette has sought relief under section 2255 several times, any further petition would require him to show either new, clear, and convincing evidence of innocence—not at issue here—or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Moreover, "the Supreme Court is the only entity that can 'make' a new rule retroactive" within the meaning of this provision, and only an express holding or a combination of cases that "necessarily dictate retroactivity of [a] new rule" will suffice. *Tyler v. Cain*, 533 U.S. 656, 663, 666 (2001) (internal alterations to first quotation omitted). The Supreme Court "has not 'made' either [*Booker* or *Apprendi*] retroactive within the meaning of § 2255," *In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006),

a fact that would be fatal to Lafayette's attempt to gain the benefit of these cases.

## III.

We turn next to Lafayette's arguments that fall within the four corners of section 3582(c)(2). Because section 3582(c)(2) unambiguously grants discretionary authority to the district court—it says district courts "may" grant a reduction—we follow the familiar standard for review of sentencing decisions: we "first ensure that the district court committed no significant procedural error . . . . [and] then consider the substantive reasonableness of the [court's decision] under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

Lafayette offers a host of reasons why he thinks the district court's decision flunks even this deferential review: the court considered factors it should not have, it failed to consider other required factors, and it weighed the factors it did consider in an unreasonable fashion. These arguments are all without merit.

In deciding whether to grant a reduction, the district court's discretion must be guided by "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(c). Here, carefully evaluating these factors, the district court observed that Lafayette "has never . . . accept[ed] responsibility in any way for the multiple offenses for which he was convicted," Hr'g Tr. at 26, considered the severity of Lafayette's original crimes, *id.* at 27–30, and noted several incidents in prison

involving "violence as well as an attempted importing of narcotics." *Id.* at 31. The district court viewed Lafayette's educational and legal work while in prison as evidence of rehabilitation, *id.* at 30–31, yet concluded that such considerations could not "overcome the potential danger to the community if he's released at this time." *Id*. at 31. All the factors considered by the court were appropriate under section 3553(a), and although the court did not touch on every item mentioned by this section, a district judge acting pursuant to section 3582(c)(2), just as in a more typical sentencing proceeding, has no obligation to "consider every § 3553(a) factor in every case." *In re Sealed Case*, 527 F.3d 188, 191 (D.C. Cir. 2008). Given this, the district court's decision was more than adequate to demonstrate that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Likewise, the conclusion that the district court reached based on this analysis represented a reasonable exercise of its discretion.

Finally, Lafayette asks that even if we deny his request for a reduced prison term, we remand for the district court to shorten his upcoming five-year term of supervised release. Even assuming that section 3582(c)(2), which on its face only allows courts to reduce a "term of imprisonment," can be stretched to cover other aspects of a sentence, the district court correctly denied any reduction because Lafayette's five-year term of supervised release is mandated by 21 U.S.C. § 841(b)(1)(A). That section provides that "any sentence under this subparagraph shall, in the absence of . . . a prior conviction, impose a term of supervised release of at least 5 years." Because Lafayette's Count Four sentence was a "sentence under this subparagraph," the district court had no authority to grant the requested reduction. *See United States v. Paulk*, 569 F.3d 1094, 1095–96 (9th Cir. 2009) (holding

that district courts may not reduce sentences based on a mandatory statutory minimum under section 3582(c)(2) and collecting cases from other circuits reaching the same result).

For the reasons stated above, we affirm.

*So ordered.*