**UNITED STATES of America, Appellee**

v.

**Sabino GARCIA, Appellant.**

**No. 09–3079.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 2012.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Mary Manning Petras, Assistant Federal Public Defender, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, HENDERSON and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for

the District of Columbia and the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

In 2004 appellant Sabino Garcia was found guilty of unlawful possession with intent to distribute five grams or more of crack cocaine. Under the United States Sentencing Guidelines in effect at the time, Garcia's sentencing range was 140–175 months' imprisonment. Noting Garcia's lengthy criminal past, the district court sentenced him to the high end of the range, 175 months, primarily to keep Garcia from being free to commit more crimes.

Subsequently, in 2007, the United States Sentencing Commission amended and lowered the sentencing guidelines for crack cocaine, and thereafter made the amended guidelines retroactive. Garcia then filed a motion in the district court, seeking a reduction in his sentence, not only because the guidelines had been amended, but also because of the continuing sentencing disparity between crack and powder cocaine, his completion while incarcerated of educational courses and treatment programs, and the likelihood of his deportation upon release.

The district court granted Garcia's motion in part and denied it in part. The court noted that under the amended guidelines Garcia's sentencing range was 120–150 months, and that because of Garcia's good behavior while incarcerated the court would agree to re-sentence Garcia within the amended guidelines. But the court refused Garcia's request for a sentence lower than the high end of the range of 150 months, again noting the need to protect the public from future criminal acts by Garcia. Garcia appeals, arguing that the district court abused its discretion by failing to give appropriate weight to the sentencing factors set forth in 18 U.S.C. § 3553(a), thereby giving him a greater sentence than necessary.

In reviewing sentencing decisions we "consider the substantive reasonableness of the [court's decision] under an abuse-of-discretion standard." *United States v. Lafayette*, 585 F.3d 435, 439 (D.C.Cir.2009) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). In re-sentencing Garcia, the district court noted his contentions that the continuing sentencing disparity between crack and powder cocaine, his completion of treatment programs and educational courses, and his likely deportation upon release warranted a further reduction in his sentence. But the court nonetheless stated that in order to protect the public from Garcia's future crimes, the maximum amended sentence of 150 months was appropriate. We conclude that the district court properly took into account the factors set forth in § 3553(a), and that the court's decision to reduce Garcia's sentence to the high end of the amended guidelines range was substantively reasonable.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R.App. P. 41(b); D.C.Cir. R. 41.