United States v. Heatley (Jackson)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand thirteen.

**PRESENT:**
> **JON O. NEWMAN,**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

---

United States of America,

    *Appellee*,

   v.               12-2812

Raymond Jackson, AKA Jerry Woo,

    *Defendant-Appellant*,

Clarence Heatley, AKA Preacher,
John Cuff, AKA Jack, Derrick Hailstock,
Paul Weller, AKA Nutsy, John Porter,
AKA Apple, AKA Aps, Curtis Medley,
AKA Curtis Goode, AKA Pop, AKA Snowman,
AKA Whiteboy, Darrel Barner, AKA Green
Eyes, AKA Bright Eyes, Darryl Haskins,
Leroy Echols, AKA Echo, Steve Fairley,
AKA Calvin Moore, AKA Chris, Shaka
Heatley, AKA Heavy, AKA Shaka Bundy,

AKA Sid, David Collins, AKA Popcorn,
Sherman Baker, AKA Kendu, Yvonne Miller,
AKA Mom, Adrienne Bundy, AKA Adee,
Bernard Mitchell, Denise Dawson,
AKA Nise, Ganeene Goode,

*Defendants*.

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Raymond Jackson, *pro se*, Loretto, PA. |
| **FOR APPELLEE:** | Rahul Mukhi, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from the order of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Raymond Jackson, *pro se*, appeals from the district court's order denying his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's determination as to whether the defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009). Section 3582 permits a district court to reduce a sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under this scheme, Amendment 599 is a permissible basis for reducing a sentence. *See* U.S.S.G. §

2

1B1.10(c) (listing the Guidelines amendments for which a § 3582(c)(2) sentence reduction is authorized).  As we have explained, Amendment 599 provides that "when a defendant is convicted of both an underlying offense and a[n] [18 U.S.C.] § 924(c) offense for using a firearm in connection with the underlying offense, his sentence on the underlying offense cannot be enhanced for the possession or use of a firearm."  *United States v. Campbell*, 300 F.3d 202, 216 (2d Cir. 2002); *see also* U.S.S.G. Supp. App. C, Vol. II, amend. 599.

Upon conducting an independent and *de novo* review of the record, we agree with the district court that Amendment 599 is inapplicable here.  The district court did not, as Jackson contends, apply any enhancements for use or possession of a firearm in connection with his sentence for the count of conspiracy to commit murder.  Moreover, even if the district court had applied firearms enhancements to the conspiracy to commit murder count, Jackson would not be entitled to relief.  The conspiracy to commit murder count is not an "underlying offense" of Jackson's two § 924(c) firearms counts: the former arose from the murder of George Ford, whereas the latter arose from the murders of Gregory Hawkins and Sheila Berry.  Amendment 599 specifically excluded this circumstance with the following hypothetical: "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction."  U.S.S.G. Supp. App. C, Vol. II, amend. 599.

Jackson's argument that he is entitled to a sentence reduction based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is without merit because § 3582(c)(2) is not an available avenue to raise such challenges.  *See, e.g.*, *United States v. Lafayette*, 585 F.3d 435, 439 (D.C. Cir. 2009).

Nor is Jackson entitled to a new sentencing proceeding using the advisory Guidelines. *See Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005) (holding that *United States v. Booker*, 543 U.S. 220 (2005), is not retroactively applicable to cases on collateral review). Moreover, the court was required to consider his rehabilitation while in prison only if Jackson first established that he was eligible for a sentence reduction, which, as set forth above, he did not. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) (holding that, under § 3582(c)(2), "[a] court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)").

Finally, the district court did not abuse its discretion in denying Jackson's request for the appointment of counsel because, as set forth above, there is no merit to Jackson's § 3582(c)(2) motion. *See United States v. Reddick*, 53 F.3d 462, 465 & n.2 (2d Cir. 1995) (holding that the appointment of counsel in connection with 3582(c)(2) motions "rest[s] in the discretion of the district court"). We have considered all of Jackson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4