**UNITED STATES of America, Appellee**

v.

**David A. DUVALL, also known as Tone, Appellant**

**No. 16-3093**
**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: September 27, 2017

David Peter Saybolt, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, Elizabeth Trosman, Esquire, Assistant U.S. Attorney, USAO Appellate Counsel, U.S. Attorney's Office, (USA) Ap-

pellate Division, Washington, DC, for Plaintiff-Appellee

Sylvia Royce, Law Office of Sylvia Royce, Washington, DC, for Defendant-Appellant

Before: Henderson and Millett, Circuit Judges, and Ginsburg, Senior Circuit Judge

## JUDGMENT

Per Curiam

This appeal was considered upon the briefs and the appendices filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the order of the district court denying the appellant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) be affirmed. *See United States v. Duvall*, 209 F.Supp.3d 125 (D.D.C. 2016).

*Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), requires a two-step process to determine whether a sentence should be reduced under § 3582(c)(2). First, the court should determine whether the prisoner is eligible for a sentence reduction. Second, the court should "consider whether the authorized reduction is warranted ... according to the factors set forth in 18 U.S.C. § 3553(a)." 560 U.S. at 826-27, 130 S.Ct. 2683. A failure by the prisoner to satisfy either portion of this two-part test precludes a sentence reduction. We shall assume Duvall is eligible for a reduction and focus upon his arguments that the district judge abused his discretion in applying the statutory factors.

Duvall first contends the judge abused his discretion by relying upon "uncharged conduct as to which he made no finding of reliability." As the government points out, under this circuit's precedent "a sentenc-

ing court may rely on undisputed facts in a presentence report," and Duvall did not dispute this uncharged conduct, or indeed any part of the PSR. *United States v. Pinnick*, 47 F.3d 434, 437 (D.C. Cir. 1995). Relatedly, Duvall claims the district court held him responsible for a stolen gun he claims was under the control of someone else, but we see no abuse of discretion in concluding Duvall was responsible for a stolen gun found in his own apartment.

Duvall also complains the district court ignored the prosecutor's statement that Duvall had "not a trace of violence in his past." The district court did not ignore this point, however; instead, the court balanced it against Duvall's cousin once having accused him of assaulting her and applying for a battery warrant against him. Duvall also implies the district court ignored his having "ma[d]e a good record in prison," but the judge did acknowledge Duvall's prison record—and concluded it was outweighed by the severity of Duvall's crime of conviction and his criminal history.

Duvall's other complaints are directed against the court's evaluation of his prior convictions. He points out that those convictions did not involve "exceptionally large amounts of drugs," resulted in relatively short sentences, and were too old to be counted under the Guidelines. True, but there is no abuse of discretion in deeming those facts less important than Duvall's repeated unlawful behavior and that the crime for which he was sentenced involved participation in a drug conspiracy—a crime far more serious than any he had previously committed.

Finally, Duvall contends that even if all the conduct mentioned above merits a longer sentence than he would have received if this were his first offense, the reduction he seeks would still leave him with a longer sentence than what a first offense would normally merit. But that is

not relevant; this case is a paradigmatic example of a district judge exercising precisely the sort of discretion both the Guidelines and our precedent grant him. He acknowledged both the damning and the redeeming in Duvall's record and concluded that, on balance, Duvall's record did not warrant a reduction of his sentence. To avoid abusing his discretion, a district judge must "consider[ ] the parties' arguments and ha[ve] a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). The district judge did just that here.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.