# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued March 15, 2018    Decided June 15, 2018

No. 16-3052

UNITED STATES OF AMERICA,
APPELLEE

v.

GUADALUPE GALAVIZ,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:12-cr-00125-19)

---

*Kira Anne West*, appointed by the court, argued the cause and filed the brief for appellant.

*Guadalupe Galaviz*, *pro se*, was on the briefs for appellant.

*Peter S. Smith*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Jessie K. Liu*, U.S. Attorney, and *Elizabeth Trosman*, *Chrisellen R. Kolb*, *George P. Eliopoulos*, *Barry Wiegand*, and *Priya Naik*, Assistant U.S. Attorneys. *Lauren R. Bates*, Assistant U.S. Attorney, entered an appearance.

Before: ROGERS and PILLARD, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*:  After a judgment of conviction was entered upon Guadalupe Galaviz's plea to two counts of drug distribution conspiracy in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(A)(i), and 841(b)(1)(B)(ii), he filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence of 180 months' imprisonment in view of a subsequent retroactive two-level reduction under the U.S. Sentencing Guidelines for most drug offenses.  The district court concluded he was eligible to have his sentence reduced but denied the motion.  Galaviz appeals on the principal ground that the denial was procedurally unreasonable because the district court failed to give adequate consideration to sentencing factors in 18 U.S.C. § 3553(a).  For the following reasons, we affirm.

**I.**

Under 18 U.S.C. § 3582(c)(2), the district court "may reduce the term of imprisonment" for a defendant "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission" (emphasis added).  Galaviz was sentenced to 180 months' imprisonment on each of two drug conspiracy counts, to be served concurrently, which reflected the sum of the mandatory minimum sentences on each count, 21 U.S.C. §§ 841(b)(1)(A)(i), 841(b)(1)(B)(ii), and was consistent with his statement in the plea agreement that he was "pleading guilty to the agreed sentence of 15 years," Plea Agrm't at 12 (Nov. 6, 2013).  Thereafter the U.S. Sentencing Commission amended the Sentencing Guidelines in November 2014 to retroactively reduce the base offense level for almost all drug offenses by two levels.  *See* U.S.S.G. Manual, Supp. to App'x C, amends. 782, 788 (2016).  As calculated under the Guidelines in effect

when he was sentenced, Galaviz's sentencing range, with an offense level of 37, was 210 to 262 months. As recalculated with a two-level reduction, his revised sentencing range, with an offense level of 35, was 168 to 210 months. Galaviz argued for a reduction of his sentence to 135 months, the low end of the range for offense level 33, on the ground that his 180-month sentence fell within the range for offense level 35; alternatively, he sought a reduction to 168 months.

The district court followed the two-step procedure for addressing the limited scope of § 3582(c)(2) described in *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the district court concluded that Galaviz was eligible for a sentence reduction. *United States v. Galaviz*, 130 F. Supp. 3d 197, 200–03 (D.D.C. Sept. 15, 2015) ("*Galaviz I*"). Although the plea agreement contained a waiver of the right to seek a sentence reduction, Galaviz was informed at sentencing that he reserved the right to file a motion pursuant to § 3582(c)(2). *See id*. at 200–01. Further, although he was sentenced to concurrent terms of 180 months — representing the sum of the mandatory minimums on each count — which was 30 months below the Guidelines sentencing range for offense level 37, the district court explained it had used the Guidelines as a "relevant part of the analytic framework" for determining Galaviz's sentence, *id.* at 202–03 (quoting *Freeman v. United States*, 564 U.S. 522, 530 (2011) (plurality opinion), and citing *United States v. Epps*, 707 F.3d 337, 351 (D.C. Cir. 2013)); *see also Hughes v. United States*, No. 17-155, slip op. at 9 (U.S. June 4, 2018), and therefore his sentence was "based on" a subsequently lowered Guidelines range, *Galaviz I*, 130 F. Supp. 3d at 203.

Then, upon seeking supplemental memoranda in aid of sentencing on whether it should exercise its discretion to reduce Galaviz's sentence, *see id.* at 204, the district court,

second, reconsidered sentencing factors in 18 U.S.C. § 3553(a) and denied the motion. *United States v. Galaviz*, 145 F. Supp. 3d 14 (D.D.C. Nov. 12, 2015) ("*Galaviz II*"), *order vacated and reentered*, 183 F. Supp. 3d 103 (D.D.C. Apr. 26, 2016) ("*Galaviz III*"). Among other factors, the district court reviewed Galaviz's leadership role in the conspiracies, the large scale of the narcotics distribution operation, the purity of the narcotics involved (suggesting the defendant was near the top of the supply chain), and its determination at sentencing that, upon applying a variance, a 180-month sentence was appropriate. The court observed Galaviz's sentence falls within the revised Guidelines range, at the lower end, and there is no new information indicating a reduction is warranted. *Galaviz III*, 183 F. Supp. 3d at 109. Galaviz appeals.

## II.

In determining whether to modify a defendant's sentence, the district court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," after determining that the defendant is legally eligible for a reduction by ensuring that a modification would be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(2); *see Dillon*, 560 U.S. at 826–27. The relevant Guidelines policy statement is that the district court must consider "the nature and seriousness of the danger to . . . the community that may be posed by a [sentence] reduction," and may consider the defendant's post-conviction conduct as well. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii), (iii) ("Guidelines Policy"). The district court need not "consider every § 3553(a) factor in every case," *United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009) (quoting *In re Sealed Case*, 527 F.3d 188, 191 (D.C. Cir. 2008)), although it must "consider[] the parties' arguments" and have "a reasoned basis" for its sentencing decision, *id.* (quoting *Rita v. United*

*States*, 551 U.S. 338, 356 (2007)); *see United States v. Pyles*, 862 F.3d 82, 84, 88 (D.C. Cir. 2017). Because § 3582(c)(2) grants the district court discretionary authority to reduce a defendant's sentence, this court "must first ensure that the district court committed no significant procedural error . . . . [and] then consider the substantive reasonableness of the [district court's decision to grant or deny a reduction] under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see Lafayette*, 585 F.3d at 439. "[I]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." *Gall*, 552 U.S. at 51 (citing *Rita*, 551 U.S. at 347). That presumption plays no role in our review for procedural error.

Galaviz contends that the district court erred procedurally by inadequately considering the sentencing factors in 18 U.S.C. § 3553(a) and the mandate of the amendment to the Sentencing Guidelines. By failing to consider future dangerousness, *see* Guidelines Policy n.1(B)(ii), when "the predominant factor in arriving at [his] original sentence was the agreed upon sentence with the government and his role in the offense," and by "exacerbat[ing] sentencing disparities amongst similarly situated defendants," Galaviz maintains that the district court's decision to not reduce his sentence was "procedurally unreasonable." Appellant's Supp. Br. 8–9. Because he characterizes the sentencing factors as "benign at best, save for his role in the offense," *id.* at 9, and because the district court failed to consider future dangerousness, Galaviz contends that it was unreasonable for the district court not to reduce his sentence. *Id.* He suggests "it would be very unfair . . . to allow a less than complete and accurate analysis of the § 3553(a) factors by the [d]istrict [c]ourt," for were he and his attorney negotiating a plea after the Guidelines amendments "he would be in a much better position with the same criminal conduct and the same criminal history." *Id.* at 16.

These contentions fail for several reasons. Galaviz can show no procedural error because the district court properly followed *Dillon*'s two-step inquiry and his objection is directed to the second step. Whether the district court adequately considered the § 3553(a) sentencing factors is distinct from whether the sentence imposed is substantively reasonable. The record shows that the district court gave appropriate and adequate consideration to the sentencing factors on which Galaviz relies and to the relevant Guidelines policy statement. Galaviz simply disagrees with the reasonableness of the district court's weighing of these factors, which is not the same as showing that the district court erred procedurally.

Turning to the sentencing factors on which Galaviz bases his position of procedural error:

1. History and characteristics of the defendant, 18 U.S.C. § 3553(a)(1). In his *pro se* brief Galaviz emphasizes that he is a family man with a wife and children, has no criminal history, and was a working man who for the last decade tended farms in Texas and Ohio with his family. He notes he is aging.

The district court considered Galaviz's age (44) and that he is married with children, his educational and employment history, his lack of a prior criminal history, and that by pleading guilty he accepted responsibility for his actions. *Galaviz III*, 183 F. Supp. 3d at 106–08. The district court noted as well Galaviz's upbringing and family in Mexico, his assets, his physical and mental health, and his legal status as a permanent resident of the United States, where some of his family now lives. *Id.*

2. Nature and circumstances of the offense and need to protect the public from further crimes by the defendant, 18

U.S.C. §§ 3553(a)(1) & (a)(2)(C); *see* Guidelines Policy n.1 (B)(ii). Galaviz emphasizes that the offenses to which he pleaded guilty involved no violence, threats of violence, or carrying of guns, and that he had no post-conviction misbehavior. He notes that upon completion of his sentence he will "most likely be deported" to Mexico and will no longer pose a danger to the U.S. public. Appellant's Supp. Br. 13.

The district court reviewed in detail Galaviz's leadership role in the drug conspiracies, which it observed "are destructive to the community, families, and individuals." *Galaviz III*, 183 F. Supp. 3d at 108. It also acknowledged that Galaviz may be deported upon his release from prison. *Id.* The district court, by incorporation, reaffirmed its sentencing findings that Galaviz was a leader of a large-scale narcotics distribution conspiracy and that a large quantity of narcotics was recovered by U.S. law enforcement in the United States. *Id.* at 107–08. It noted that in the plea agreement, Galaviz acknowledged his role as a leader by agreeing to a four-level leadership role increase to his base offense level. *Id.* at 107. And the district court noted that Galaviz, the prosecutor, and the court had agreed that a sentence of 180 months was "appropriate." *Id.* at 109.

3. Avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct, 18 U.S.C. § 3553(a)(6). Here, Galaviz points to the district court's reduction by 15 months of the 150-month sentence of a co-defendant, Jose Amaya-Ortiz, who was also sentenced as "leader" of the conspiracy. Appellant's Supp. Br. 15. At the time the district court denied Galaviz's motion to reduce his sentence, no disparity of sentences among co-defendants had come into existence. Amaya-Ortiz's motion for reduction was pending, and the district court had "not entered an order reducing the sentence of any of Galaviz's

codefendants." *Galaviz III*, 183 F. Supp. 3d at 108. Even if Amaya-Ortiz's sentence had been reduced at the time the district court denied Galaviz's motion, he fails to show there was an "unwarranted" disparity. Amaya-Ortiz was not similarly situated to Galaviz: Amaya-Ortiz pleaded guilty to one count of drug conspiracy (involving five or more kilograms of cocaine) carrying a mandatory minimum sentence of 120 months' imprisonment, while Galaviz pleaded guilty to two counts of drug distribution conspiracy (one involving 22 kilograms of heroin with over 91 percent purity and the other involving three kilograms of cocaine, *Galaviz III*, 183 F. Supp. 3d at 107), together carrying a mandatory minimum sentence of 180 months' imprisonment if imposed consecutively.

Nonetheless, Galaviz concludes that the district court erred procedurally by failing to consider his personal characteristics, his future dangerousness, and the need to avoid unwarranted sentencing disparities among defendants. Yet, as noted, the district court discussed these circumstances and concluded, in the exercise of its discretion, no sentence reduction was warranted. *Galaviz III*, 183 F. Supp. 3d at 106–09. Galaviz offers no basis on which this court could conclude the district court's reference to his leadership role and the destructive impact of his conduct were unrelated to an evaluation of his future dangerousness even if he were operating from Mexico, much less to the future danger resulting from the destructive impact of the criminal conduct to which he pleaded guilty. And to the extent Galaviz makes a claim about future dangerousness in terms of the Guidelines Policy rather than the § 3553(a)(2)(C) "protect the public from further crimes" factor, that claim addresses Galaviz's eligibility for a reduction, on which the district court ruled in his favor, rather than whether a reduction is warranted.

Consequently, the general unfairness Galaviz now posits with respect to what would be his enhanced position to plea bargain in view of the Guidelines amendments is neither self-evident nor properly based on the consideration of reasonableness in a procedural challenge. The district court addressed his § 3553(a) arguments at step two of the *Dillon* procedure and explained why it concluded a reduction of his sentence was unwarranted. The record underscores that on appeal Galaviz is attempting to import a reasonableness requirement into the § 3553(a) analysis at *Dillon*'s second step, when reasonableness attaches to an inquiry into the substantive reasonableness of the sentence itself, *see Gall*, 552 U.S. at 51, which is not how he has framed his appeal of the denial of his § 3582(c)(2) motion. That is, he has not argued, much less shown, that the district court's decision to leave his original sentence in place is substantively unreasonable and thus an abuse of discretion. *See id.*; *Rita*, 551 U.S. at 350–51; *see also Kickapoo Tribe v. Babbitt*, 43 F.3d 1491, 1497 (D.C. Cir. 1995).

Galaviz's other contentions need not detain us long. The district court did not err procedurally, much less plainly err, by failing to consider Galaviz's post-conviction conduct, an issue he raises for the first time on appeal; the supplemental memoranda in aid of sentencing filed by Galaviz and by the government did not present evidence of Galaviz's conduct during incarceration. *Galaviz III*, 183 F. Supp. 3d at 108. Galaviz's contention that the district court erred procedurally by not reducing his sentence by the differential between the Guidelines sentencing range at the time he was sentenced and the revised Guidelines range is foreclosed by *United States v. Jones*, 846 F.3d 366, 371–72 (D.C. Cir. 2017), and in any event was not raised until Galaviz's *pro se* reply brief.

Galaviz's attempt in his *pro se* brief to challenge alleged errors in his original sentence is barred because he did not file a direct appeal and the scope of a proceeding authorized by § 3582(c)(2) does not extend to alleged errors in his original sentence that are not affected by a Guidelines amendment. *See Dillon*, 560 U.S. at 831; *see also United States v. Dunn*, 631 F.3d 1291, 1293–94 (D.C. Cir. 2011). Moreover, the record belies Galaviz's suggestion that the district court mistakenly imposed a 180-month sentence while meaning to impose a 120-month sentence; he misreads what the district court stated, *see Galaviz III*, 183 F. Supp. 3d at 108, and his reading is contrary to his signed plea agreement and his sentencing memorandum, even were this objection timely, *see United States v. Galaviz*, 282 F. Supp. 3d 87, 90 (D.D.C. Oct. 11, 2017) ("*Galaviz IV*") (citing FED. R. CRIM. P. 45(b)(2)).

Finally, Galaviz contends that Sentencing Guideline Amendment 759, *see* U.S.S.G. Manual, App'x C, amend. 759 (2016), which affects the extent of permissible § 3582(c)(2) sentence reductions, violates the Ex Post Facto Clause of the Constitution. The claim, in Galaviz's *pro se* reply brief, comes too late. Even were the court to consider it, Galaviz pleaded guilty to conduct beginning in April 2012, as charged in the indictment, while the Amendment was promulgated in November 2011 and so could not implicate the Ex Post Facto Clause.

Accordingly, because the district court did not err procedurally or abuse its discretion in denying Galaviz's motion to reduce his sentence pursuant to § 3582(c)(2), we affirm.